## FELSMAN v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12750.   Decided Feb 20, 1933

Day & Day, Cleveland, and Cline and Patterson, Cleveland, for plaintiff in error.

Frank T. Cullitan, Cleveland, and Emerich B. Freed, Cleveland, for defendant in error.

MAUCK, BLOSSER and MIDDLETON, JJ, (4th Dist), sitting.

MAUCK, J.

The case was not a strong one but we would not disturb it as being opposed to the weight of the evidence.

The court erred in charging that the defendant was on trial under the provisions of §12433 GC and in sentencing the defendant under that section. This error was most natural as it was clearly induced by the form of the indictment which used the term arson although it charged the defendant with burning a shop. Arson at common law was the unlawful burning of a habitation. **Jones v State, 70 Oh St 36.** For a hundred years the arson statute of this state included all sorts of buildings, the penalty varying only with the value of the structure. In 1929 (113 O.L. 541), however, the legislature overhauled all the statutes relating to incendiarism, leaving in §12433 GC as the subject matter of arson only the dwelling house and other buildings making up the curtilage and increasing the penalty to a minimum of two years and a maximum of twenty. It then provided against the burning of other buildings by the separate section, §12433-1 GC, with a minimum penalty of one and a maximum of ten years. As the building involved in the instant case was not part of a curtilage there was no possibility of arson in this case. It does not appear, however, that the defendant was in any way prejudiced by the court reading the wrong section of the statutes to the jury as it was unnecessary to read either section. The sentence, however, as of arson was clearly erroneous. This would require us to set aside the sentence, but if it were the only error would not require setting aside the verdict.

The defendant stoutly insisted that no motive had been shown for the crime charged to him. It can not be said that an absence of motive was shown, as might be the case if the defendant had never seen and never come in contact with those who may have hoped to benefit by the destruction of the building and could not, therefore, have been hired to burn it. The most that can be said is that no motive was shown by direct evidence. Whatever motive, if any there was, had to be inferred from the relation of the defendant to the possible beneficiaries and from the other attendant circumstances. The presence or absence of a motive was for the jury.

With this situation the defendant sought an instruction upon motive. Of course, he did not contend that the state had to prove motive in order to convict. He did insist that he was entitled to have the jury instructed to the effect that if there was no motive for the defendant to commit the crime that that circumstance should be considered in determining whether he did commit the crime. The instructions offered in this behalf were not happily drafted and the defendant was entitled to neither of them in haec verba. The defendant did, however, make clear the idea which he wanted charged and this was sufficient to impose upon the court the duty of charging upon that feature of the case. **Boyle v State, 6 C.C. 163.**

That the presence or absence of motive is a circumstance that ought to weigh with the jury is sound sense. It is also sound law. A like question was before the Court of Appeals of Wood County in **Neiswander v State, 28 Oh Ap 545.** In that case the opinion, written by one who now adorns the Supreme bench, holds that while the request to charge was not preferred at the proper time still it ought to have been given and failure to give it constituted prejudicial error. If we were unwilling to follow this authority we would be required to certify this case to the Supreme Court. We follow it, however, and find additional indirect but clear support therefor in **Fabian v State, 97 Oh St 184.**

The instruction upon alibi has little to commend it. A like instruction, with its conceded error, has however been tolerated by the Supreme Court in **Sabo v State, 119 Oh St 231,** and must therefore be tolerated here.

The other assignments of error are not sustained.

For the reason that the sentence imposed is illegal the sentence is set aside. For the further error, that the court refused to charge on motive, both the sentence and the verdict are set aside. The case is remanded for further proceedings according to law.

Judgment reversed.

BLOSSER and MIDDLETON, JJ, concur.