## MORROW v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13291. Decided June 29, 1933

Louis Fernberg, Cleveland, and Hubert J. McCafferty, Cleveland, for plaintiff in error.

Frank T. Cullitan, Prosecuting Attorney, Cleveland, and Thomas A. Burke, Asst. Prosecuting Attorney, Cleveland, for defendant in error.

BLOSSER, PJ, MIDDLETON and MAUCK, JJ, (4th Dist), sitting.

BLOSSER, PJ.

The defendant below, Alfred Morrow, was indicted, tried and convicted in the Court of Common Pleas of the crime of robbing Dr. John T. Vitkus in his office about eight o'clock on the night of December 30, 1932. The defendant seeks a reversal for several alleged errors occurring at the trial.

It is urged that there was misconduct in that a juror was sleeping during the progress of the trial. The record discloses that this matter came before the trial court on conflicting evidence on the motion for a new trial. We are not disposed to interfere with the conclusion of the trial court in finding that there was no misconduct as alleged.

It is urged that there was misconduct on the part of the prosecuting attorney in his closing remarks to the jury. We have examined the record in this respect but do not find anything in the argument of counsel that would justify our interfering with the judgment.

The defendant, however, raises two other questions that require serious consideration. He asserts that at the time of the commission of the crime charged in the indictment he was not at the scene of the crime but was at home, a considerable distance away. He gave notice, as provided by the statute, of his intention to offer evidence in support of his alibi. As to the identification of the defendant as the person who committed the crime, the state offered the testimony of Dr. John T. Vitkus, who was in his office at the time of the robbery, and also the evidence of a patient by the name of Mrs. Wikelis, who was in the office at that time. The defendant in support of his contention that he was not at the scene of the crime, produced twelve witnesses, some of whom were members of his family and some of whom were strangers, who stated that he was at his home at that time. It is seriously urged that the verdict is against the weight of the evidence and the question is a close one. In view of the conflicting evidence a reviewing court is not justified in granting a reversal on that ground.

It is also seriously urged that the court erred in its charge with reference to alibi. In view of the apparently credible evidence offered by the defendant on this issue the charge defining that issue was of the utmost importance. That part of the charge in which it is stated:

"It is, of course, essential to the satisfactory establishment of an alibi that it should cover the whole of the transaction in question or so much of it as to render it impossible that the person could have committed the act * * * and whether or not the defendant has established an alibi is a question for the jury to determine."

is subject to criticism. **12 O. Jur., 473-4.**

The views of this court on the charge in question were expressed in the case of **Stevens v State, 26 Oh Ap 53, (5 Abs 691),** and **Felsman v State, (14 Abs 202)** decided in this court while sitting in Cuyahoga County February 20, 1933. However, in view of the fact that the Supreme Court in **Sabo v State, 119 Oh St 231,** permitted such a charge under the particular facts of that case we hesitate in reversing the judgment on that ground.

While the defendant was testifying in his own behalf (Record, pages 148-150) the court permitted the prosecuting attorney to pursue a course of cross-examination that was improper. Over the objection of the attorney for the defendant the defendant was asked and required to answer as to his previous arrests. No attempt was made to show that these arrests were followed by conviction. It was evident that the sole purpose of the prosecuting attorney

was to prejudice the defendant in the minds of the jury. The Supreme Court in the case of **Wagner v State, 115 Oh St 137** expressed its views on this subject as follows:

"It is evident that the state had no information concerning any such convictions. Manifestly these questions were asked for the sole purpose of discrediting Wagner before the jury. Questions of this kind are often permitted on cross examination as being preliminary to the later showing that in fact the indictments inquired about resulted in convictions. When the state has no such further evidence, or produces none, then questions of this character become incompetent for any purpose, and when counsel for the state knows that no convictions attended the indictments inquired about, then this line of cross examination is wholly unfair and is highly prejudicial to the accused."

The record discloses that this was prejudicial error for which the judgment must be reversed and the case remanded to the Court of Common Pleas.

MIDDLETON and MAUCK, JJ, concur.