## No. 776

## TAYLOR v. WOOD LUMBER CO.

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5139. Decided Sept. 15, 1924

112. ATTACHMENT—Judgment creditors of husband not entitled to money belonging to the wife and deposited by mistake in husband's account.

SULLIVAN, J.

### Epitomized Opinion

Published Only in Ohio Law Abstract

The Wood Lumber Co. recovered judgment on a cognovit note against Robert Taylor for $2,500. Subsequently certain moneys in the name of Robert Taylor were attached on deposit in the bank. Thereafter proceedings to determine the right of property in the said funds were commenced by Anna Taylor, wife, setting up that the funds were hers.

Mrs. Taylor received a check for $1,528. As she was sick she delivered the check to her son with instructions to deposit it in the bank and get a receipt. but the son, through mistake, deposited it in his father's account. Mrs. Taylor had received this money as the result of the settlement of a personal injury case. The Municipal Court of Cleveland found that the Lumber Co. was entitled to the money, whereupon error was prosecuted. In reversing the judgment, the Court of Appeals held:

The mere fact that the money was in the husband's name is not sufficient to rebut the presumption that the ownership could not and did not pass without some act or circumstance with knowledge and consent on the part of the wife, especially when it appears that there was no collusion and fraud in derogation of the rights of creditors between the husband and wife. Under the circumstances of the case, the money was clearly not subject to attachment.

Attorneys—Reed, Meals, Orgill & Maschke, for Taylor; Wm. F. Waldeisen, for Wood Lumber Co.; all of Cleveland.

## No. 777

## HUNTER v. STATE

Ohio Appeals, 2nd Dist., Montgomery County
No. 595. Decided Sept. 30, 1924

295. CONTINUANCE—Largely discretionary with court.

481. EVIDENCE—Evidence showing that guardian was entitled to compensation held not admissible where guardian did not get allowance from court.

CHARGE OF COURT—Held proper.

BY THE COURT.

### Epitomized Opinion

Published Only in Ohio Law Abstract

In October, 1923, Blanche Hunter was convicted for the embezzlement of $2,241.70 of her wards' estate. The accused was arrested Oct. 3, 1923, and put on trial Jan. 4, 1924. At the beginning of the trial a motion was made for a continuance, which was overruled. Evidence offered by the accused to the effect that she was entitled to compensation as guardian, but which had not yet been allowed by the Probate Court, was excluded as being improper.

After conviction by the jury the accused prosecuted error. In affirming the conviction, the Court of Appeals held:

1. The granting of a motion for a continuance rests largely within the discretion of the trial court. As the accused failed to procure an attorney in due time, she cannot complain of shortness in time where her attorney would have had plenty of time if she had secured his services within a reasonable time after the indictment.

2. Where a guardian did not procure an order from the Probate Court for compensation for taking care of children, evidence of the right to that compensation is not admissible to justify the taking of any of said money.

3. There was no error in the court's charge.

Attorneys—Patrick Gaynor and Arthur Bryant, for Hunter; Albert H. Scharrer and Charles J. Brennan, for State; all of Dayton.