STEVENS et. v. STATE

Ohio Appeals, 4th Dist., Lawrence Co.

Decided July 20, 1927.

Allread, J. of the 2nd Dist., sitting in place of Sayre, PJ. of the 4th Dist.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

467. ESCAPE—465. Error—Effect of, upon right to maintain proceeding in, within discretion of reviewing court.

480. EVIDENCE—Tending to show mistreatment of prisoner, in effort to extort confession, properly excluded.

380. EVIDENCE—288. Conspiracy—Evidence tending to show that witness and defendant were in general conspiracy to commit robbery, properly admitted. Such evidence may properly show commission of offenses other than that charged in indictment.

333. CRIMINAL LAW—1162. Testimony —225. Charge of Court—Where testimony of accomplice has been corroborated, court may refuse to instruct jury not to convict upon same.

620. IMPEACHMENT—Error to refuse testimony tending to show that witness, who has turned States evidence, has been promised immunity.

61. ALIBI—Not an affirmative defense. Is satisfactory when it creates, in jury, reasonable doubt of guilt.

Error to Common Pleas.

Judgment reversed.

A. R. Johnson and Irish & Riley, Ironton, for Stevens et.

James P. Collier, Pros. Atty., Ironton, for State.

### STATEMENT OF FACTS.

Charles Stevens, Bruce Davis and Gerald Griffin were indicted for robbery. Stevens and Griffin entered a plea of not guilty, and were put upon their joint trial. They were found guilty and judgment entered upon the verdict. Defense now seeks a reversal of that judgment.

Upon application to the Court of Appeals, the sentences were suspended, Griffin gave bond and Stevens, in default thereof, remained in jail. The case was submitted upon brief and oral argument. While the record was under consideration and before a conclusion was reached, the prosecuting attorney filed a motion to dismiss the proceedings in error as to Stevens for the reason that said Stevens had broken jail and was a fugitive from justice. Upon the hearing of this motion the court found that Stevens had broken jail, but that, on learning that the motion to dismiss the petition in error had been filed, he had surrendered himself to the sheriff and was, at the time of the hearing, in custody. The court, thereupon, vacated the order suspending the execution of the sentence of Stevens, thus permitting the sheriff to commit him to the penitentiary, pending the final disposition of the motion.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion:

MAUCK, J.

The effect of the escape of a prisoner upon his right to maintain a proceeding in error does not appear to have been considered by the courts of this state. Our conclusion is that it is within the court's discretion to adopt any of three courses: (1) To hear the case, notwithstanding the escape of the prisoner; (2) to dismiss the proceeding outright; (3) or to fix the day within which the fugitive shall surrender as a condition precedent to the maintenance of the proceeding. 2 R. C. L. 63, note to Tyler v. State, 26 L. R. A. (N.S) 921. In the instant case, Stevens having returned to the sheriff's custody prior to the disposition of the motion to dismiss, the court, in the exercise of its discretion, overrules the motion to dismiss.

The verdict depended largely upon the testimony of Bruce Davis, jointly indicted with Stevens and Griffin. Without the testimony of Davis there would have been nothing to take the case to the jury. Davis was, or at least had been, a criminal. He testified to his guilt of the offense charged and to another robbery or two, the same night. He has served a term in the Ohio penitentiary for forgery and another in the penitentiary at Leavenworth for robbery. Davis' testimony was to the effect that he, Stevens, Griffin and one Albert Stevens held up and forcibly took, from the person of Long, a watch and a small sum of money.

Practically the only corroboration of Davis' story, so far as Griffin was concerned, is found in what he said and did on two occasions when he was taken into custody.

The defendant, Stevens, complained because the court refused to allow him to show that the officers had assaulted and beaten him, after arrest, in an effort to extort a confession. In this, the trial court was clearly right. Whether or not Stevens was assaulted by the officers had nothing to do with his guilt or innocence. However cowardly and reprehensible it may be for officers to mistreat a prisoner in their charge, such mistreatment gives

to the prisoner, no absolution for a crime previously committed by him. Such facts as Stevens sought to bring out in this case would be competent only so far as they reflected upon the testimony of the parties charged with mistreating him. The testimony was not offered for that purpose as the officers, sought to be accused, were not on the witness stand. There was consequently no error in excluding the testimony referred to.

Complaint was made that the state was permitted to show, not only the robbery of Long, for which the defendants are on trial, but the subsequent attempt to rob the police car and another car that was in about the same location at about the same time. There can be no disagreement on the proposition that one can not be found guilty of one specific offense by showing that he has been guilty of another like offense. This general rule, however, does not deprive the state of its right to make its whole case even though, incidentally, it may show that the accused has been guilty of other offenses. Shelton v. State, 106 OS. 243, Holt v. State, 107 OS. 307, Patterson v. State, 96 OS. 90. In this case, the state was relying upon Davis' testimony to the effect that he, the two defendants and Albert Stevens were in a general conspiracy to commit robbery on the night in question. The state had a right to show everything that was done pursuant to that conspiracy and if, incidentally, another and distinct crime was thereby developed that fact did not deprive the state of its right to bring out the facts.

There was, consequently, no error in admitting the testimony relating to the other offenses committed on the night in question.

It is vigorously urged that the trial court erred in its instruction and failure to instruct relative to the testimony of the witness Davis and emphasis is laid upon what was said in Allen v. State, 10 OS. 287, and subsequent cases, in regard to the testimony of an accomplice. The last and clearest expression of the Supreme Court of this state, upon this question, is found in State v. Reichert, 111 OS. 698, where the court lays down the doctrine that, if the record discloses that the testimony of the accomplice has been corroborated by other evidence, the trial judge, in the exercise of a sound discretion, may refuse to instruct the jury not to convict upon the uncorroborated testimony of an accomplice. As we have heretofore pointed out, there was, in this case, corroboration of the testimony of Davis and the trial judge can not be held to have abused his discretion in refusing to instruct the jury as requested.

While we have, heretofore, pointed out that there are some incriminating circumstances in the case, in addition to the testimony of Davis, the case is not a strong one, as we view it, on the part of the state. If Davis' testimony had been disregarded by the jury, for any reason, an acquittal must have resulted. It was, consequently, the right of the defendants to bring to the attention of the jury, every fact and circumstance that might tend to break down the testimony of Davis. What was the inducement that led Davis to turn state's evidence? Was he inspired by a sincere desire to do the right thing because it was right, or was he seeking to get immunity for himself by bringing in two other parties? Davis claims that he had been promised nothing by any of the officers representing the state. He was asked if he had not made some inquiry of the prosecuting attorney, presumably about his own case, while the instant case was being tried and if the prosecuting attorney had not assured him that he need not worry. He replied to this that he did not remember. The defendants proposed to impeach Davis, in this respect, by offering testimony to the effect that there had been such conversation, and the court refused it. This refusal was error, and while, in some other case, such error would be inconsequential, it was, under the peculiar circumstances of this case, prejudicial to the defendants.

Upon the question of alibi the court properly said: "Now I say to you that defendants are not required to prove the defense of an alibi beyond a reasonable doubt, nor are they required to prove it by a preponderance of the evidence, but, if the evidence offered to support an alibi creates, in your mind, a reasonable doubt as to the presence of the defendants at the time and place of the robbery, of course they are entitled to the benefit of that doubt and your verdict should, in that event, be, not guilty; but if after considering all the testimony offered in the case, including that offered in support of the alibi, you are convinced, beyond a reasonable doubt, that the defendants are guilty, then it would be your duty to return a verdict of guilty."

The court however, unfortunately, accompanied this instruction, or preceded it, with this language:

"Now an alibi is a legitimate and proper defense to make, and, if satisfactorily made, is conclusive. It is essential, however, to the satisfactory proof of an alibi that it should cover the whole of the time of the transaction in question, or so much thereof as would render it impossible that the defendants, or either of them, could have committed the act alleged to have been committed in this case."

This was wrong. In some states the burden of establishing an alibi is said to be upon the defendant. In such cases, the testimony in support of an alibi is treated as an affirmative defense. In this state it has long been settled that an alibi is not an affirmative defense. Walters v. State, 39 OS. 215, State v. Norman, 103 OS. 541. Nor can this language be overlooked upon the theory that it is a mere definition of the term alibi. It describes the conditions under which it might be said that a complete vindication of the accused is had, by showing the impossibility of his guilt. One accused of a felony, however, may properly contend for something less than a demonstration of his innocence, and, for the purposes of his trial, the alibi is satisfactory. not only when it covers the whole of the time involved or so much thereof as would render it impossible for him to have been guilty, but when it only creates, in the jury, a reasonable doubt of guilt. We cannot say that the jury was guided by the correct instruction and that it wholly ignored the erroneous charge.

For the errors indicated the judgment is reversed and the case remanded to the Common Pleas for a new trial.

(Middleton and Allread, JJ., concur.)