BIGGS ET AL. *v.* THE STATE OF OHIO.

(Decided June 17, 1935.)

*Mr. Earl D. Parker,* for plaintiffs in error.
*Mr. E. Dudley Harris,* prosecuting attorney, and *Mr. W. T. Reed,* for defendant in error.

MIDDLETON, P. J. There are two questions urged in the petition in error in this proceeding which require attention. The more important of the two is the claim of misconduct of two jurors during the progress of the trial. This alleged fact was not known to the

plaintiffs in error, Cam Biggs and Rodney Biggs, until after the close of the trial and it was presented to the trial court on the motion for a new trial, the evidence being set forth in affidavits. There is no serious dispute between the parties as to what was said and done at the time of the alleged misconduct. Briefly stated, it is shown that during a recess of court in the trial of the case a juror requested a drink of whiskey from a witness in the case. This request was made in the corridor of the court house and in the presence of at least two other jurors. It is claimed that the witness who was accosted by the juror was a son-in-law of the prosecuting witness in the trial then going on. The charge against the plaintiffs in error was one of burglary and larceny and it was claimed by the state that they burglarized a building and stole therefrom eighty bushels of wheat. After the juror made the request aforesaid the parties retired to the toilet for men on the ground floor of the court house and the witness who was requested for a drink produced a half pint bottle which was about half full of whiskey and all of which was drunk by the juror who made the request and another juror and the witness who was furnishing the whiskey. There can be no dispute in respect to the irregularity of the transaction, and that the conduct of the juror in making his request should be condemned, and if known in time by the court he should have been punished by the court. There is, however, no evidence to indicate that what went on between the juror and the witness was in any way connected with the trial then in progress. No reference was made to the case by any of the parties and there is nothing to show that there was any intention on the part of the witness who furnished the drink to in any way influence the jurors in the discharge of their duties. The admitted fact that the whiskey was given to the jurors

at the request of one of them certainly relieves the witness from any purpose to influence the jurors and any intent to in that way get in connection with them for the purpose of influencing them.

In the case of *Pittsburgh, Cincinnati & St. Louis Ry. Co.* v. *Porter, Admx.,* 32 Ohio St., 328, it is said that where an attorney of the prevailing party has furnished intoxicating liquor to a juror during the trial it is good ground for a new trial but if it is shown that it was not intended to influence the juror's action and that it had no influence on his mind as a juror it is not sufficient to support a motion for a new trial. An investigation of the authorities shows that this rule is the one that is generally observed. We think the instant case comes fairly within the exception noted by the court in the case cited. There is no evidence which tends in the slightest degree to show that there was any intent or purpose on the part of the witness to influence the jurors, and the whole transaction was due to the request of the juror as aforesaid.

The second contention which requires attention relates to the charge of the court in which the court said to the jury:

"It is obviously essential to the satisfactory proof of an alibi that it should cover the whole of the time of the transaction in question or so much of it as to render it impossible that the defendants could have been connected with the act."

This charge was condemned by this court in the case of *Stevens* v. *State,* 26 Ohio App., 53, 159 N. E., 834. We are asked to follow the law as pronounced in that case, but since said announcement the Supreme Court in the case of *Sabo* v. *State,* 119 Ohio St., 231, 163 N. E., 28, has approved the language of the charge quoted. It is manifest, therefore, that this court is bound to follow the disposition of the matter by the

Supreme Court as made in the *Sabo case* and overrule any objection on the ground stated.

There are one or two other complaints made in this proceeding but we do not find them of any serious effect on the rights of the plaintiffs in error.

The judgment of the trial court must be affirmed.

*Judgment affirmed.*

BLOSSER and McCURDY, JJ., concur.