STATE, PLAINTIFF-APPELLEE, *v.* FRABUTT, DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Lake County.

No. 657.   Decided June 17, 1961.

6

*Mr. Fred V. Skok*, prosecuting attorney, and *Mr. Barry M. Byron*, assistant prosecuting attorney, for plaintiff-appellee.
*Mr. Robert H. Fuller*, for defendant-appellant.

BROWN, P. J.  This case comes before the court on appeal on questions of law from a conviction of the appellant for the crime of bribery under Section 2917.01, Revised Code.  It was charged that the defendant, while being transported in custody of two policemen who had arrested defendant for "child molesting," offered various bribes.  The officers testified that the defendant initiated the conversation which led to defendant's giving, promising or offering the officers money to influence them with regard to their official duty or to influence their action in a matter pending or that might come before them.

Specifically it was charged, and there was evidence, that the defendant said to the officers "will money take care of this matter."  Later defendant is alleged to have said "will one hundred dollars take care of it?"  Still later the defendant, while in custody of the officers, is said to have offered other money and valuable property to induce them "to quash this case and any other case that might come up later."  The officers introduced and identified money which was given to them "to show good faith" while these offers were being made.

When the case was called, the defendant was represented by counsel.  Shortly thereafter, defendant indicated a lack of confidence in his counsel.  A recess was called after which the record indicates that defendant stated that he desired to go forward without counsel.

The court explained to the jury, in the defendant's presence and without objection or interjection by the defendant that "defendant has discharged his lawyer"; that the defendant would try his own case; and that the court had given him permission to do so, but had advised him against doing so.

Thereafter, the court exercised remarkably good judicial

patience considering the conduct of the defendant in the trial. The court showed careful consideration of the defendant's rights at all times.

The defendant's cross-examination of witnesses seemed designed to try the question of his guilt or innocence of the charges of child molestation rather than the offense upon which he was being prosecuted. By the time defendant chose to employ another lawyer to represent him in the concluding part of the trial, much irrelevant and perhaps prejudicial matter had been introduced in answer to the defendant's questions. Much evidence which was less than helpful was introduced into evidence by defendant's direct proffer.

When defendant finally employed other counsel, the court was careful to allow that counsel to cross-examine the principal witness for the prosecution at great length, repeating the cross-examination conducted by defendant personally.

The jury in due course found the defendant guilty. There is ample evidence to justify the conviction.

It is of interest to note that the defendant thereafter discharged the lawyer who conducted the trial and who prepared and filed the appeal and briefs. This occurred during the first hearing on appeal. This court granted a continuance so that other counsel could re-argue the matter at a later date, which was done.

Defendant now complains that he was prejudiced in being required during trial to go forward with the case with new counsel who had no time to prepare. Defendant assigns numerous other errors.

We will proceed to examine the conduct of the trial court in proceeding with the trial after defendant had discharged his attorney, and in refusing a continuance to permit the lawyer who was hired by defendant later in the case to prepare the case.

It is universally held that a defendant in a criminal case who is sui juris and mentally competent may conduct his defense in person without the assistance of counsel. Wharton's Criminal Law and Procedure, Volume 5, Page 156; 17 A. L. R. 266.

Although an accused is constitutionally guaranteed the

right to be represented by counsel, this right may be waived, providing it is waived intelligently, understandingly and in a competent manner. *Bute* v. *Illinois*, 333 U. S., 640; 92 L. Ed., 986; 68 S. Ct., 763; *Uveges* v. *Pennsylvania*, 335 U. S., 437, 93 L. Ed., 127, 69 S. Ct., 184. Under all of the facts and circumstances of this case we hold that the defendant waived his right to be represented by counsel. That the court permitted defendant to change his mind and to hire other counsel to aid and assist in the defense does not require a continuance in the trial at such an advanced stage of the proceedings and probably not at any stage of the proceedings. Wharton's Criminal Procedure, Volume 5, Page 7; *Hunter* v. *State*, 2 Ohio Law Abs., 743. See also *Ford* v. *State*, 121 Ohio St., 292.

The appellant claims that the state did not prove the crime of bribery since the act solicited, "to quash this case" was not within the scope of the official duties of the police officers, and further claims errors in the charge in that the court did not limit the jury to consider only such acts as attempted to influence the officer is his official duty.

On the question of whether or not the officer must be able to do the act requested by the defendant in return for the bribe, the trial court expressed the view that it is unnecessary that the officer be empowered to do the thing requested. Defendant takes issue with this view. On this question the great weight of authority sustains the position of the trial court. In 8 American Jurisprudence—Bribery—Section 14, Page 894, the following appears:—

"While the decisions on the subject are not altogether in harmony, by the great weight of authority, the giving or receiving of money, etc., for the purpose of influencing official conduct is not deprived of its criminal character by the fact that the action contemplated is not within the officer's jurisdiction. If he acts in his official capacity—and by this term is meant the doing of such acts as properly belong to the office and are intended by the officer to be official—the offense is complete. The validity or invalidity of the act to be done, or whether the officer or the body in question had or had not jurisdiction, is generally immaterial."

To the same effect is 158 A. L. R., 330. See also Wharton's Criminal Law, Volume 3, Page 783, et seq.

We also find that other requests of the defendant were clearly solicitation of a sort which called for the officers doing things which were within the jurisdiction of the officers. We have examined the court's charge and find it to be a well-stated summary of the law and free from error.

Appellant objects that in this trial for bribery the defendant was prevented from having a fair trial because the jury was permitted to learn during the course of trial that the arrest which placed the defendant in the custody of the officers was for molesting children.

It was not error to admit this evidence. The general rule excluding evidence of other crimes does not deprive the state of its right to make out its whole case even though it may show that the accused has been guilty of other offenses. *Stevens* v. *State*, 26 Ohio App., 53, 159 N. E., 834; *Bandy* v. *State*, 13 Ohio App., 461; 21 A. L. R., 594. If the evidence is relevant as tending to show the guilt of the accused of the crime charged, it is admissible.

It is also noted that the foregoing evidence was first received without objection while the defendant was represented by counsel, and that subsequent occasions for the re-introduction of evidence of the fact that defendant had been charged with molesting children came in in answer to questions by the defendant and were responsive to those questions.

Appellant's complaint that the lie detector evidence was received in part and excluded in part is not a valid complaint. The original questions with regard to the lie detector evidence were asked by the defendant on cross-examination. The court quickly became aware of the fact that this evidence was entirely collateral in that it related to crimes other than the one with which defendant was here charged. In attempting to be completely fair to the defendant, the court permitted defendant to pursue this matter until it became entirely apparent that there was no helpful purpose to be gained. The court then limited further evidence with regard to the lie detector test which could have been material only in trials having to do with the earlier charges that the defendant was molesting children.

We have read the bill of exceptions and have considered all the other assignments of error, and find the assignments of

error which are not specifically commented upon hertofore to be without merit. We find no error in the cause prejudicial to the defendant. The judgment of the court below is therefore affirmed.

DONAHUE and GRIFFITH, JJ., concur.