**Richard Leon WHITE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1907.**

Supreme Court of Alaska.

Oct. 10, 1973.

Herbert D. Soll, Public Defender, Brian Shortell, Asst. Public Defender, Anchorage, for appellant.

John E. Havelock, Atty. Gen., Juneau, S. J. Buckalew, Dist. Atty., William Hawley, Asst. Dist. Atty., Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

## OPINION

BOOCHEVER, Justice.

Richard White was convicted of the offense of possession of heroin and sentenced to fifteen years imprisonment with the condition that he serve ten years before being eligible for parole.[1] White was granted a three-hour delay to arrange his personal affairs, at the end of which time he was to report to the Anchorage State Jail to commence the service of his sentence. Instead of reporting at the assigned time, White fled.

While his client was a fugitive, White's attorney filed notices of appeal and sentence appeal. The parties stipulated to stay the appeal proceedings. On April 25, 1973, this court entered an order dismissing the appeals. On May 24, 1973, White was arrested and returned to custody. A

---

1. The trial judge held that this condition was required by AS 17.10.200(d) which provides:
   The imposition or execution of sentence shall not be suspended and probation or

parole shall not be granted until the minimum imprisonment provided in this section for the offense is served.

motion to reinstate the appeal and sentence appeal was filed on June 20, 1973, and the appeal was reinstated by our order of July 31, 1973. Due to the importance of the issues involved, we shall briefly set forth our reasons for reinstating the appeal.

Initially, it should be noted that we are here concerned with reinstating an appeal, not dismissing an appeal by reason of the appellant's escape. Thus, the United States Supreme Court cases upholding the dismissal of appeals are not directly in point. In Molinaro v. New Jersey, 396 U. S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), the United States Supreme Court refused to adjudicate an appeal while the appellant was a fugitive. Nevertheless, the Court pointed out that the escape "does not strip the case of its character as an adjudicable case or controversy", 396 U.S. at 366, 90 S.Ct. at 498, 24 L.Ed.2d at 587. The escape, however, was held to give the Court reason for dismissing the appeal.[2] We are not here concerned with the prior dismissal of White's appeal, but rather with the question of whether or not his motion to reinstate should be granted.

In some jurisdictions, the matter is resolved by statute.[3] In others, it is held that the escape constitutes a knowing and effective waiver of the right to appeal.[4] We favor the view the United States Court of Appeals for the Fifth Circuit expressed in McKinney v. United States[5] that the right of appeal should not be considered waived or abandoned except where it is clearly established that such is the case. While there is no right to appeal a criminal conviction expressly mentioned under the Alaska Constitution, such a right has been created by statute. AS 22.05.010 provides in part that "[a]n appeal to the supreme court is a matter of right." While the strict standards for waiver applicable to constitutional rights are not here involved, we nevertheless are confronted with a statutory right of the utmost importance. It is one that may mean the difference between incarceration or freedom. To find a waiver of such a right, we must be convinced that there was "an intentional relinquishment or abandonment of a known right or privilege."[6] There has been no showing that White, by his escape, intended to waive his right of appeal.

By this decision we are in no manner countenancing escape from lawful custody. There are adequate criminal sanctions to deter such conduct.[7] We fail to find any

---

2. *Cf.* Nat'l Union of Marine Cooks v. Arnold, 348 U.S. 37, 75 S.Ct. 92, 99 L.Ed. 46 (1954); Eisler v. United States, 338 U.S. 189, 69 S.Ct. 1453, 93 L.Ed. 1897 (1949) cert. denied per cur., 338 U.S. 883, 70 S.Ct. 181, 94 L.Ed. 542 (1949); Bohanan v. Nebraska, 125 U.S. 692, 31 L.Ed. 854 (1887); Smith v. United States, 94 U.S. 97, 24 L.Ed. 32 (1876). In Allen v. Georgia, 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949 (1897) the Court was confronted with the question of reinstating a dismissed appeal after the return of the fugitive to custody. The decision in that ancient case was based on a state constitutional provision requiring all cases to be heard by the end of the term and a statutory requirement that continuance can only be granted for "providential cause." Alaska has no such constitutional or statutory requirement.

3. For example, Texas law specifies that escape pending appeal deprives the court of jurisdiction, provided that the order dismissing the appeal shall be set aside if it shall be made to appear that the accused had volun-

tarily returned to the custody of the officer from whom he escaped within ten days. Article 912, Vernon's Ann.Code Cr.Proc. (1916). But woe to the poor prisoner who turned himself in to the sheriff of a different county from that in which he was previously in custody! Under a strict construction of the statute, his appeal would not be reinstated. Story v. State, 92 Tex.Cr.R. 385, 244 S.W. 376 (1922).

4. *See, e. g.,* State ex rel. Ruetz v. LaGrange Circuit Court, 281 N.E.2d 106 (Ind.1972). *But see* Justice DeBruler's discerning dissent.

5. 403 F.2d 57 (5th Cir. 1968).

6. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461, 1466 (1938), as cited in Roberts v. State, 458 P.2d 340, 344 (Alaska 1969).

7. AS 12.30.060 provides for a maximum sentence of a $5,000 fine and five years imprisonment for failure to appear before a court or judicial officer as required. AS 11.30.090 provides for a maximum sentence of a $5,000

reason why this court by judicial decree, should add withdrawal of the right of appeal to the statutory punishments prescribed for the crime of escape. In addition to bordering on judicial legislation, such additional punishment would have no relation to the crime involved. A convicted defendant with a meritorious appeal from a sentence of life imprisonment would suffer a totally unrelated severe penalty as compared with a defendant sentenced to thirty days in jail. If escape alone were to prevent each from reinstatement of his appeal, such bizarre results would ensue.

Because White's appeal was once properly dismissed, our holding that escape in and of itself does not constitute waiver of the right of appeal is not dispositive of this motion to reinstate.[8] As in other similar motions, there must be a showing of good cause for the exercise of the court's discretion.[9] There has been no showing of

any prejudice to the state's case resulting from the delay between the date of the dismissal of this appeal and the motion to reinstate, a period of less than two months. Moreover, at least insofar as White's sentence appeal is concerned there are arguably meritorious grounds for the appeal. It appears that the trial court construed AS 17.10.200(d) as requiring that White serve ten years before becoming eligible for parole. We have recently held that the mandatory requirements of AS 17.10.200 were modified by AS 12.55.080[10] and AS 12.55.085(a)[11] providing for suspended imposition of sentence and parole.[12] The trial court did not have that decision available for its consideration in imposing White's sentence.

We, therefore, have found good cause to reinstate White's appeal and have so ordered.

Motion granted.

fine and three years imprisonment for escape from confinement. In addition, an escapee who has violated an order of the court may be punished for contempt. AS 12.30.070.

8. Although the right to appeal is not waived, appeals of fugitives may be dismissed because the defendant "cannot be compelled to respond to any judgment the court may render." Stevens v. State, 26 Ohio App. 53, 159 N.E. 834, 835 (1927). This rationale has been used by the United States Supreme Court in Bohanan v. Nebraska, 125 U.S. 692, 31 L.Ed. 854 (1887). Later that Court analogized the lapse of jurisdiction to mootness. Eisler v. United States, 338 U.S. 189, 69 S.Ct. 1453, 93 L.Ed. 1897, cert. denied per cur., 338 U.S. 883, 70 S.Ct. 181, 94 L.Ed. 542 (1949). See also Molinaro v. New Jersey, 396 U.S. 365, 366, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970).

9. We favor the ruling of the Supreme Court of Mississippi basing reinstatement of an appeal after recapture of a fugitive on good cause being shown. Jones v. State, 218 So. 2d 705 (Miss.1969). See also State v. Thibodeaux, 48 La.Ann. 600, 19 So. 680, 682 (1896), Stevens v. State, 26 Ohio App. 53, 159 N.E. 834, 835 (1927).

10. AS 12.55.080 specifies:
   *Suspension of sentence and probation.* Upon entering a judgment of conviction of a crime, or at any time within 60 days from the date of entry of that judgment of conviction, a court, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution or balance of the sentence or a portion thereof, and place the defendant on probation for a period and upon the terms and conditions as the court considers best.

11. AS 12.55.085(a) states:
   If it appears that there are circumstances in mitigation of the punishment, or that the ends of justice will be served, the court may, in its discretion, suspend the imposition of sentence and may direct that the suspension continue for a period of time, not exceeding the maximum term of sentence which may be imposed, and upon the terms and conditions which the court determines, and shall place the person on probation, under the charge and supervision of the probation officer of the court during the suspension.

12. Speas v. State, 511 P.2d 130 (Alaska 1973).