**UNITED STATES of America, Appellee,**

v.

**Victor Eduardo MERA,
Defendant–Appellant.**

**No. 437, Docket 90–1257.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 27, 1990.

Decided Dec. 6, 1990.

David E. Liebman, New York City, for defendant-appellant.

David W. Denton, New York City (Otto G. Obermaier, U.S. Atty., for the Southern District of New York, Helen Gredd, of counsel), for appellee.

Before OAKES, Chief Judge, LUMBARD, and CARDAMONE, Circuit Judges.

## PER CURIAM:

Victor Eduardo Mera appeals from a judgment of conviction entered on April 16, 1990, in the United States District Court for the Southern District of New York, Morris E. Lasker, *Judge.* For the reasons set forth below, we affirm.

Mera and twelve co-defendants were indicted on January 23, 1984, for conspiracy to distribute, and distribution of, large quantities of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Mera and one of his co-defendants, Severo Escobar, were alleged to be the leaders of an international drug ring. Mera and Escobar were arraigned on February 2, 1984. Because they were unable to post bail, which was set at $1 million cash, they were remanded to the Metropolitan Correctional Center.

Mera's attorney attended a pre-trial conference on February 8, 1984, at which time the district court set a tentative trial date of May 21, 1984.

On February 14, 1984, Mera, Escobar, and several other co-defendants appeared before Judge Lasker and asked for a reduction in bail. Judge Lasker denied Mera's and Escobar's requests, but granted those of some of their co-defendants. Apparently because of a mixup in the United States Marshal's office, the Deputy Marshal mistakenly released Mera and Escobar shortly after the hearing. Both men fled.

Before trial, Mera and Escobar moved through counsel for severance based on the absent defendants' right to be present at trial. The prosecution cross-moved for an order allowing their trial *in absentia* with the remaining co-defendants. At oral argument on the motion, Mera's and Escobar's attorneys informed the court that they had not told their clients about the tentative trial date. In regard to their clients' whereabouts, both attorneys stated that most likely their clients would not be available for trial because they had probably gone to Colombia. Judge Lasker reserved judgment on the motion.

Before the district court issued a decision, the Government asked for a hearing on the issue. Miceida Cabrera, a co-defendant as well as Mera's mother-in-law, testified that on February 14, 1984 at Metropolitan Correctional Facility, she overheard Mera and Escobar discussing the May 21st trial date. Cabrera further stated that she was concerned with that particular date because she feared her daughter, co-defendant Anna Maria Cabrera–Mera, would give birth during the trial. Through Cabrera's testimony and by inquiring of the prosecutor, the trial court learned that Cabrera initiated contact with the Government through an intermediary to seek assistance in obtaining counsel and a reduction in bail. Crediting Cabrera's testimony, the district court found that Mera and Escobar knew of the May 21st tentative trial date and therefore denied appellant's severance motion because of that knowledge, and, alternatively, on the basis of the underlying facts regardless of the fugitives'

knowledge of the trial date.[1]

After an eight-week jury trial in 1984, all the defendants, including Mera, were found guilty on all counts of the indictment. A court-appointed attorney represented Mera at trial.[2]

Law enforcement authorities subsequently apprehended Mera in Colombia, and extradited him to the United States in December 1989.

On April 6, 1990, Judge Lasker sentenced Mera to concurrent terms of imprisonment of fifteen years plus a $25,000 committed fine on each of the two counts on which he had been convicted.

[1] It is well settled that a criminal defendant enjoys a right under the Sixth Amendment and Fed.R.Crim.P. 43 to be present at trial. Although the waiver of a constitutional right must be "knowing" and "voluntary", a defendant's intentional absence from criminal proceedings, when he is aware that he is the subject of such proceedings, may be tantamount to a voluntary waiver of his right to be present at trial. *See United States v. Tortora*, 464 F.2d 1202, 1208 (2d Cir.), *cert. denied*, 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972). The trial judge in his sound discretion determines whether a defendant's absence constitutes a waiver. *See United States v. Pastor*, 557 F.2d 930, 934 (2d Cir.1977).

■ *Tortora* instructs trial courts to apply a two-part analysis to determine whether trying a defendant *in absentia* comports with the Sixth Amendment. *See Tortora*, 464 F.2d at 1209–10. The district court must determine: 1) whether the defendant's absence is knowing and voluntary, *see id.* at 1209; and 2) whether "the public interest [in a trial *in absentia*] clearly outweighs that of the voluntarily absent defendant [in attending the trial]," *id.* at 1210. Mera challenges the district court's ruling in regard to the first prong of this test. Specifically, he claims that the trial

court erred in finding that he knew the trial date, and so incorrectly held that he voluntarily waived his right to be present at trial. We reject both contentions.

■ Where, as here, the trial judge conducts an evidentiary hearing in regard to the "knowing and voluntary" prong of the analysis, we may not reverse the lower court's decision unless it is clearly erroneous. *See Pastor*, 557 F.2d at 934. Appellant contends that Judge Lasker's accreditation of Cabrera's testimony was "clearly erroneous" because the testimony conveniently came to the fore for the first time when appellant's severance motion was pending. In considering Cabrera's testimony, Judge Lasker specifically stated that the timing of the revelation of the testimony placed him in a "skeptic[al] frame of mind". However, after expressly weighing the content of the testimony, the circumstances under which it was revealed to the Government, and the witness' credibility, Judge Lasker credited Cabrera's testimony. Contrary to appellant's argument, the record gives us no reason to equate fortuity with fabrication, or to disturb the district court's well-reasoned finding.

■ The district court's alternative basis for denying appellant's severance motion— that appellant's waiver was knowing and voluntary regardless of whether appellant knew the trial date—was also sound. Appellant argues that *Tortora* prescribes that a defendant cannot be tried *in absentia* unless the defendant has actual knowledge of the trial date. We disagree.

Although *Tortora* factored the defendant's actual knowledge of the trial date into its finding that the defendant had waived his right to be present at trial, *see Tortora*, 464 F.2d at 1209, such knowledge was not a prerequisite for the court's ruling. While a defendant cannot knowingly waive his right to be present at trial unless he has notice of the proceedings against him, *Tortora* and its progeny establish that a defendant gains such knowledge from

---

1. In his separate appeal, Escobar did not challenge the trial *in absentia*. *See United States v. Escobar*, 805 F.2d 68 (2d Cir.1986).

2. After Mera fled, his private attorney withdrew from the case, and the court appointed counsel to represent Mera at trial.

pleading to the charges at arraignment. *See United States v. Reiter,* 897 F.2d 639, 644 (2d Cir.1990); *Tortora,* 464 F.2d at 1209. We reject appellant's reading of *Tortora* because knowledge of the trial date does not provide meaningful notice as to the nature of the proceedings against the defendant beyond the notice that the defendant gains at arraignment. Appellant's interpretation therefore undercuts the rationale of *Tortora* by allowing a defendant who, by chance or plan, is ignorant of the trial date to determine unilaterally when, or indeed if, he will stand trial.

In this case, not only had appellant been arraigned prior to his flight, but he had also appeared before the court on an unsuccessful motion to reduce bail. At the very least, Mera had knowledge of the proceedings against him as well as of the district court's belief that the conduct alleged was serious enough to warrant a $1 million cash bail. In spite of this knowledge, or perhaps because of it, he capitalized on the Deputy U.S. Marshal's mistake and fled. Moreover, appellant failed voluntarily to reappear in court subsequent to his disappearance. If law enforcement officials had not tracked him down in Colombia, appellant most likely never would have returned to the court's jurisdiction. *Cf. United States v. Hernandez,* 873 F.2d 516, 518–19 (2d Cir.1989) (defendant's reappearance in court after absence requires court to re-examine whether defendant knowingly and voluntarily absented himself from prior proceedings). We decline to cloak appellant in the protections of the Sixth Amendment after he knowingly and willfully shed them.

Accordingly, we affirm the judgment of conviction.