FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MELVIN G. EDWIN, | No. 09-35231 |
| Petitioner - Appellant, | D.C. No. 3:08-cv-00004-JWS |
| v. |  |
| JOSEPH SCHMIDT, Commissioner; ALASKA D.O.C.; FRANK LUNA, Warden, | MEMORANDUM* |
| Respondents - Appellees. |  |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted December 9, 2010
Seattle, Washington

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and MOSKOWITZ, District Judge.**

Melvin G. Edwin appeals the district court's dismissal of his federal habeas

corpus claim. The court did not reach the merits of Edwin's petition; rather, it

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

determined that the petition had not been brought within the one-year period of limitation required by 28 U.S.C. § 2244(d)(1). We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

The parties are familiar with the facts of the case so we do not repeat them here. Edwin has failed to demonstrate that he was eligible for either statutory or equitable tolling. Section 2244(d)(2) requires "a properly filed application" to toll the limitation period through the pendency of proceedings. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414–15 (2005). Edwin has not shown that he properly filed any application until June 15, 2000—more than three years after the period applicable to his federal claims began to run.

He also fails to show entitlement to equitable tolling because he has not satisfactorily shown that he took any action in regard to his claims from August 1, 1996, until October 1999. He then waited more than seven months to actually file his claim on June 15, 2000. This is inadequate to demonstrate that he had been pursuing his rights with "reasonable diligence." *Holland v. Florida*, 130 S. Ct. 2549, 2555–59, 2565 (2010) (demonstrating facts sufficient to satisfy the reasonable diligence standard).

The decision of the Alaska Superior Court to exercise its discretion to relax the filing deadlines to permit Edwin's otherwise untimely state application did not

2

require the district court to conclude that the more restrictive federal standard had been met. *Compare Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003) ("[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken [. . . .]" (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000))), *with White v. State*, 514 P.2d 814, 816 (Alaska 1973) (requiring only good cause in order to permit a court to exercise its discretion to relax time requirements). An evidentiary hearing is not required when no facts have been properly put at issue. *See Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003) ("Because Laws has made a good-faith allegation that would, if true, entitle him to equitable tolling, we vacate the district court's denial of the petition and remand for further factual development of his claim . . . .").

**AFFIRMED.**

3