[Criminal No. 490. Filed November 3, 1920.]

[192 Pac. 1069.]

# FRANCISCO TREBINIO, Appellant, v. STATE, Respondent.

CRIMINAL LAW—SUPREME COURT DISAPPROVES OF FAILURE OF COUNSEL FOR APPELLANT TO POINT OUT ERROR RELIED ON.—The Supreme Court disapproves of the practice, prevalent in Arizona, of appealing criminal cases and then neglecting to perform the important duty of pointing out to the court any error on which counsel for appellant relies for obtaining reversal.

APPEAL from a judgment of the Superior Court of the County of Yavapai. John J. Sweeney, Judge. Affirmed.

Mr. C. F. Gerard and Mr. R. B. Westervelt, for Appellant.

Mr. Wiley E. Jones, Attorney General, and Mr. Neil C. Clark, County Attorney, for the State.

BAKER, J.—On the thirteenth day of September, 1919, the county attorney of Yavapai county filed an information in the superior court of said county, wherein he charged the appellant, Francisco Trebinio, with murder in the first degree, of one James R. Lowry, on the thirteenth day of July, 1918. He was duly arraigned, and entered a plea of "not guilty," and was afterwards tried and found guilty, by a jury, of murder in the first degree, and his punishment was fixed at life imprisonment in the state prison at Florence, Arizona. He appeals from the final judgment without first having made any motion for a new trial. No briefs have been filed in behalf of the appellant, and upon the hearing of the cause in this court there was no appearance for him. The cause was submitted by the Attorney General, without briefs and

without argument. In the record we find the information, the instructions of the court, the evidence adduced at the trial, the verdict, the judgment, and the minutes of the court.

.Notwithstanding the fact that there have been no assignments of error by the appellant and no oral argument has been made in his behalf, we have carefully and thoroughly examined and considered the entire record as the same appears before us, but we have been unable to discover any substantial or serious error in the proceeding. The information in technical, legal phraseology charges murder in the first degree, and is good and sufficient; the instructions fairly state the law as applied to the facts, and all the proceedings leading up to and including the trial, verdict and judgment are in regular and legal form. The verdict is abundantly sustained by the evidence. Indeed, in the light of the facts, we think the appellant has done remarkably well to escape the gallows— a fate he probably would have met had the law of capital punishment been in force and effect in the state at the time of the commission of the crime. There appears to be no good reason why an appeal was taken in the case. We do not mean to be censorious of counsel for the appellant, but we do desire to express our disapproval of the practice prevalent in this state of appealing criminal cases to this court and then counsel for the appellant neglecting to perform the important duty of pointing out to this court any error upon which he relies to obtain a reversal of the judgment. The practice entails extra labor upon the court and takes up valuable time that might be devoted to other pressing duties of the court.

The judgment is affirmed.

CUNNINGHAM, C. J., and ROSS, J., concur.