292 P.2d 1077

**STATE of Arizona, Appellee,**

**v.**

**Billy Joe HOUSTON, Appellant.**

**No. 1081.**

Supreme Court of Arizona.

Feb. 7, 1956.

No appearance on the part of either appellant or the State.

UDALL, Justice.

On the fifth day of May, 1955, the County Attorney of Maricopa County filed an information charging the appellant, Billy Joe Houston, with the crime of rape (statutory) of a seven and one-half year old girl. The

court appointed attorneys Lynn W. Folger and Wade Church to represent appellant, who was duly arraigned and entered a ·plea of "not guilty". His counsel thereafter gave notice of intention to introduce evidence of insanity at the time of the alleged offense, as it appeared the appellant had previously been an inmate of a mental institution. Two psychiatrists were then appointed to examine appellant and they filed separate written reports in which they agreed that the man was then sane and responsible,· able to understand the proceedings and to aid counsel in his defense. There was some disagreement as to whether appellant might have been sane at the time the offense was committed; however, neither of these doctors were called to testify at the three-day trial. The jury returned a verdict of guilty on June 4th, a motion for new trial was thereafter made and denied, and on June 16th a judgment of conviction was entered and ,the appellant sentenced to serve· an indeterminate term of 10 to 15 years in the state penitentiary. On June 20th appellant gave written notice of appeal "from the final judgment of conviction *rendered on the 4th day of June, 1955.*" It will be observed that while the notice of appeal was not prematurely filed it does refer to a final judgment purportedly entered on June 4th when in reality said judgment was not entered until twelve days thereafter.

The appellant made affidavit of inability to pay the costs on appeal. At the State's expense a 400-page reporter's transcript was prepared and on September 16, 1955, this transcript along with the court minutes and complete copies of the lower court file were docketed with the clerk of this court. Counsel for appellant have filed no brief in his behalf, nor was any further action taken until the court on its own motion, after advance notice to counsel for both the appellant and the State, ordered the case submitted for decision on the record presented.

Section 13–1715, A.R.S.1956, outlines the scope of review by this court in criminal appeals. The pertinent ·parts thereof read as follows:

"A. Upon appeal from a final judgment of conviction, the supreme court shall review all rulings affecting the judgment, even though a motion for a new trial was not made. If a motion for a new trial was made and denied, the court shall, on appeal from the judgment, review the action of the court below in denying a new trial. * * *

"B. Upon an appeal taken by a defendant from the judgment, the supreme court shall review the entire record."

Rule 21 of the new rules of the supreme court, effective January 1, 1956, as to dismissal of criminal appeals, provides: ·

"21. (b) No criminal appeal shall be dismissed if sufficient matter or

substance is contained in the record to enable this court to decide the appeal on its merits * * *."

Notwithstanding the appellant's failure to prosecute his appeal and point out specifically wherein the trial court erred, we have, in order to discharge our duty as outlined above, carefully examined the entire record for fundamental error. It would serve no useful purpose to recite the sordid facts. Suffice it to say that the information properly charged the offense of rape (statutory); the trial appears to have been regular in all respects; there was ample evidence to support the jury's verdict that appellant was guilty of the offense charged; and the court's instructions to the jury were full, clear and correct. Hence we find nothing in the record which would justify a disturbance of the verdict and judgment in this case.

The following statement by the late Justice Baker, in a similar appeal in the case of Trebinio v. State, 21 Ariz. 548, 192 P. 1069, seems very apropos:

"* * * There appears to be no good reason why an appeal was taken in the case. We do not mean to be censorious of counsel for the appellant, but we do desire to express our disapproval of the practice prevalent in this state of appealing criminal cases to this court and then counsel for the appellant neglecting to perform the important duty of pointing out to this court any error upon which he relies to obtain a reversal of the judgment. The practice entails extra labor upon the court and takes up valuable time that might be devoted to other pressing duties of the court."

We are satisfied the defendant was fairly tried and justly convicted. The judgment is therefore affirmed.

LA PRADE, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concurring.