496 P.2d 589

**The STATE of Arizona, Appellee,**

v.

**Douglas COOPER, Appellant.**

**No. 2234.**

Supreme Court of Arizona,
In Banc.

May 3, 1972.

Gary K. Nelson, Atty. Gen., Phoenix, for appellee.

Douglas Cooper, in pro. per.

CAMERON, Vice Chief Justice.

This is a delayed appeal from a jury verdict and judgment of guilty to the crime of child molesting, § 13–653 A.R.S., and a sentence of 30 to 350 months in the Arizona State Prison.

Defendant, represented by counsel, was sentenced on 15 December 1969. Defendant did not ¯perfect an appeal within 60 days but requested, on 12 November 1970, permission to make a delayed appeal which was granted on 5 January 1971. On 21 May 1971, the Clerk of the Supreme Court, pursuant to Rules, 5, 7 and 21 of the Supreme Court, 17 A.R.S., wrote defendant that the record on appeal had been received and that he had "thirty (30) days from the date hereof within which to file your Opening Brief."

On 1 July 1971, the Clerk again wrote defendant, reiterating the above request for an opening brief, and closing:

"If your Opening Brief or a request that the Court continue the appeal for good cause shown is not filed within fifteen (15) days from the date hereof, this appeal will go before the Court under Rules 7 and 21 of the Rules of the Supreme Court."

Finally, on 9 December 1971, the court, noting that defendant had "failed to file an Opening Brief within the time permitted by law," ordered "that this cause be submitted for decision on the record."

Rule 21, subsec. b, Rules of the Supreme Court, 17 A.R.S., provides that:

"No criminal appeal shall be dismissed if sufficient matter or substance is contained in the record to enable this court to decide the appeal on its merits * * *."

Since we have the record on appeal we can and must fulfill our duty under § 13–1715, subsec. B, A.R.S.:

"Upon an appeal taken by a defendant from the judgment, the supreme court shall review the entire record."

We have stated:

"Notwithstanding the appellant's failure to prosecute his appeal and point out specifically wherein the trial court erred, we have, in order to discharge our duty as outlined above, carefully examined the entire record for fundamental error. It would serve no useful purpose to recite the sordid facts. Suffice it to say that the information properly charged the offense * * *; the trial appears to have been regular in all respects; there was ample evidence to support the jury's verdict that appellant was guilty of the offense charged; and the court's instructions to the jury were full, clear and correct. Hence we find nothing in the record which would justify a disturbance of the verdict and judgment in this case." State v. Houston, 80 Ariz. 86, 88, 292 P.2d 1077, 1079 (1956).

We conclude in the present case that the defendant was fairly tried and convicted in the Superior Court of Navajo County, and the trial was devoid of fundamental or reversible error.

Judgment affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD, and HOLOHAN, JJ., concur.