542 P.2d 1098

**STATE of Arizona, Appellee,**

v.

**Richard A. GOLDSMITH, Appellant.**

**No. 3082.**

Supreme Court of Arizona,
En Banc.

Nov. 19, 1975.

Rehearing Denied Jan. 6, 1976.

Moise Berger, Maricopa County Atty. by John Trombino, Deputy County Atty., Phoenix, for appellee.

Robert L. Storrs, Phoenix, for appellant.

HAYS, Justice.

Richard Goldsmith was found guilty of second degree murder and was sentenced to a term of from ten years to life in the Arizona State Prison. We took jurisdiction of his appeal pursuant to Article 2, § 24 and Article 6, § 4 of the Arizona Constitution and ARS § 12–120.21(A)(1).

The state's argument that the appeal should be dismissed because Goldsmith had not been apprehended as of the date that his appeal was filed is completely without merit. The Arizona Constitution provides for the right of appeal and this right will not be denied. Ariz.Const. art. 2, § 24. Furthermore, our criminal rules provide that a defendant may be adjudged guilty and sentenced in absentia and the time for filing a notice of appeal runs from that date. Rule 26.9, Rules of Criminal Procedure.

Goldsmith was not present at his trial. The trial judge found that the accused was voluntarily absent and proceeded without him. The appellant contends that he cannot waive his presence in a capital case by his voluntary absence.

While the accused is entitled to be present at his trial as a matter of due process, his presence may be waived with his consent. *Snyder v. Commonwealth of Massachusetts,* 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934); *Diaz v. United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912). Rule 9.1, Rules of Criminal Procedure, provides that "a defendant may waive his right to be present at any proceeding by voluntarily absenting himself from it." The predecessor of this rule has been upheld. *State of Arizona v. Hunt,* 408 F.2d 1086 (6th Cir. 1969). Appellant would have us make a distinction, however, between capital and non-capital cases as does Rule 43, Federal Rules of Criminal Procedure. This reasoning cannot be implied from the language of Rule 9.1 and no compelling reason has been advanced to warrant the distinction. The key factor is not the seriousness of the charge but that the accused, upon notice, has voluntarily absented himself from proceedings against him.

"The court may infer that an absence is voluntary if the defendant had personal notice of the time of the proceeding, his right to be present at it, and a warning that the proceeding would go forward in his absence should he fail to appear." Rule 9.1, Rules of Criminal Procedure. The appellant urges that the case should be remanded for an evidentiary hearing when Goldsmith returns so that he can rebut the finding of the trial court that his absence was voluntary. We will not thus defeat the entire purpose of Rule 9.1.

Goldsmith's counsel avowed to the court at the opening of the trial that

Goldsmith had notice of the trial date and time and until the preceding night had intended to appear. Once his knowledge of the trial date was shown, the appellant bore the burden of persuading the trial judge that his absence was not voluntary. State v. Tacon, 107 Ariz. 353, 488 P.2d 973 (1971). The trial court's exhibit 1 is a letter from Goldsmith to his wife telling her that he was running. During the break in the trial, Goldsmith's counsel was contacted three times by his client. While the attorney invoked the attorney/client privilege, presumably Goldsmith was aware that the proceedings against him had commenced in his absence. He had been warned that this would happen by the clear statement in the release order earlier signed by him. The statement in the order is sufficient notice. State v. Thornburg, 111 Ariz. 254, 527 P. 2d 762 (1974). Evidence of Goldsmith's knowledge was reinforced by his letter to the trial judge prior to sentencing which said that the writer was still running away. Clearly, the trial judge did not abuse his discretion in finding that Goldsmith's absence was voluntary and in proceeding in his absence.

 The appellant contests the trial court's refusal to admit the results of a polygraph examination. It is the position of this court that the results of a polygraph examination are admissible only by stipulation. State v. Valdez, 91 Ariz. 274, 371 P.2d 894 (1962). We reaffirm that holding now. There was no stipulation in this case.

The jury was not advised that it could take notes nor was it provided with materials with which to take notes. Rule 18.6(d), Rules of Criminal Procedure. It is argued that this was a particularly critical error because there was a four-day break in the trial. Neither party brought this matter to the trial court's attention. Absent fundamental error, an objection not made to the trial court cannot be argued on appeal for the first time. State v. Miller, 112 Ariz. 68, 537 P.2d 965 (1975). Had this failure to follow the rule been brought

to the attention of the trial judge, the matter could easily have been corrected at the time. The reason for the rule that objections must first be argued at trial is to provide the trial judge with an opportunity to remedy any errors. State v. Miller, supra. The error in this case was not fundamental and the appellant does not show that he was prejudiced.

At trial, the state was allowed to recall a witness in rebuttal and the appellant contends that this was error. The extent of rebuttal is a matter of discretion for the trial court. State v. Reynolds, 108 Ariz. 541, 503 P.2d 369 (1972). The state may offer any competent evidence in direct response to material evidence offered by the defense even though the prosecution's case is thereby reinforced. State v. Kountz, 108 Ariz. 459, 501 P.2d 931 (1972). The trial judge did not abuse his discretion in this instance.

The judgment of guilt and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.