564 P.2d 97

**STATE of Arizona, Appellee,**

v.

**Keith Edward COOK, Appellant.**

**No. 1 CA–CR 1940.**

Court of Appeals of Arizona, Division 1, Department A.

March 29, 1977.

Rehearing Denied May 4, 1977.

---

Bruce E. Babbitt, Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, and Lynn Hamilton, Asst. Atty. Gen., Phoenix, for appellee.

Steiger, Helm & Kyle by Theodore L. Kyle, Tempe, for appellant.

## OPINION

NELSON, Presiding Judge.

Defendant, Keith Edward Cook, appeals from his conviction of second degree bur-

glary and his sentence of four to five years in the state prison.

■ He first contends the trial court erred in giving a general intent instruction in conjunction with an instruction concerning the specific intent necessary for burglary and in failing to give defendant's proposed instruction dealing with the intent a jury must find to convict of burglary. This issue was recently decided in *State v. Rodriguez*, 114 Ariz. 331, 560 P.2d 1238, filed February 18, 1977, in a separate appeal taken by Cook's co-defendant, Richard Amini Rodriguez. The Supreme Court held that under the circumstances of this case the giving of the general intent instruction was non-prejudicial. We are bound by the Court's interpretation in this matter.

Cook's second and principal contention is that his rights as guaranteed by the fifth and sixth amendments to the United States Constitution, Article 2, section 24 of the Arizona Constitution and Rules 9.1 and 19.2, Rules of Criminal Procedure, 17 A.R.S. were violated when he was tried and sentenced in absentia. For the reasons stated below we remand for a hearing on the question of the voluntariness of defendant's absence at trial and sentencing, the judgment of conviction and validity of sentence to abide the result.

Cook and Rodriguez were charged by complaint with second degree burglary. On August 12, 1975, Cook attended his preliminary hearing. He was released on his own recognizance after signing the acknowledgment on his release order which informed him of his right to be present at trial and other proceedings and that if he failed to appear proceedings would begin without him.

On August 26, 1975, both men were arraigned in Maricopa County Superior Court. Cook, who was present with counsel, entered a plea of not guilty. Rodriguez was absent but was represented by counsel. Trial as to both defendants was set for November 26, 1975. On November 25, 1975, one day prior to the scheduled date of trial, the trial court on Rodriguez' motion vacated the November 26th trial date and reset it

for December 26, 1975. Defendant was carried along with the motion. The last day for trial was determined to be December 29, 1975 and on that day defendant's attorney, because he had been unsuccessful in locating the defendant, obtained a continuance. Trial was rescheduled for January 19, 1976 and January 26, 1976 was computed as the new last day.

On January 20, 1976, defendant's attorney advised the court that he had been unable to locate the defendant and was therefore unprepared for trial. He moved that a bench warrant issue for defendant's arrest and for continuance or severance of the proceedings. The motions were denied. On the basis of the information in the release order and defendant's actual notice of the November 26th trial date, the court found that defendant had personal notice of the time of trial, he knew of his right to be present, that trial would go forward without him if he were absent, and concluded that his absence was voluntary. Trial thereafter proceeded in absentia with respect to Cook. The defendant Rodriguez was present. On January 22, 1976 the jury returned guilty verdicts as to both defendants.

March 22, 1976 was the date set for sentencing. Cook was still absent but was represented by counsel who unsuccessfully moved to continue pronouncement of sentence. The court found defendant's absence voluntary and sentenced him to a term in the state prison. A bench warrant for his arrest was issued on April 7, 1976. It appears from the record that this warrant is still outstanding.

■ The Federal and Arizona Constitutions guarantee a defendant the right to appear and defend in person in all criminal proceedings. U.S.Const. amends. VI, XIV; Ariz.Const. Art. 2, § 24. In addition, Rule 19.2, Rules of Criminal Procedure, 17 A.R.S., states a "defendant has the right to be present at every stage of the trial . . . ." and Rule 26.9, Rules of Criminal Procedure, 17 A.R.S., provides a defendant "shall be present at sentencing." This

right to be present, secured to every criminal defendant, protects against the imposition of punishment pursuant to an unfair and surreptitious trial in a defendant's absence. *State v. Clark*, 36 Nev. 472, 135 P. 1083 (1913). The right, is not, however, absolute and may be waived by an accused charged with a non-capital offense who voluntarily absents himself from a proceeding. See *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912); *State v. Davis*, 108 Ariz. 335, 498 P.2d 202 (1972); *State v. Tacon*, 107 Ariz. 353, 488 P.2d 973 (1971); Rule 9.1, *supra*; Rule 26.9, *supra*. Further, a defendant released on bail or his own recognizance has a concomitant obligation to be present so as not to frustrate the progress of his prosecution. *Taylor v. United States*, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); *Cureton v. United States*, 130 U.S.App.D.C. 22, 396 F.2d 671 (1968).

■ In the present case, defense counsel argues that personal notice to the defendant of the actual dates of trial and sentencing was required before the trial court could find his absence was voluntary. In support of this proposition he relies on Rule 9.1, *supra*, which states:

"The court may infer that an absence is voluntary if the defendant had personal notice of the time of the proceeding, his right to be present at it, and a warning that the proceeding would go forward in his absence should he fail to appear."

We are not persuaded this rule requires actual notice of the time of a proceeding as a prerequisite to inferring an accused's absence is voluntary. The pivotal question is whether the defendant waived his right to be present by his voluntary absence and Rule 9.1 merely suggests one combination of factors which may support an inference of voluntariness. Thus, an accused who does not know of and fails to appear at a proceeding against him may be found to have waived his right to be present there if the record indicates criminal proceedings commenced in his presence, that he absconded knowing of his right to attend future proceedings, and that his disappearance has made it possible to contact him with reference to these proceedings. *Cf. Diaz v. United States, supra; Government of Virgin Islands v. Brown*, 507 F.2d 186 (3d Cir. 1975); 8B J. Moore, Moore's Federal Practice ¶ 43.02[2] (2d ed. 1976); 3 Wright, Federal Practice and Procedure § 173 (1969).

The courts have indicated reluctance to find a defendant's absence voluntary absent a clear showing that he knew of the proceedings against him, of his right and duty to be present, and that he had no sound reason for staying away. *Taylor v. United States, supra; Cureton v. United States, supra*. With this in mind, we are compelled to agree with counsel that the record here is insufficient to support an inference that defendant's absence was "voluntary."

■ Defendant was present at his August 26th arraignment and knew the next scheduled proceeding was his trial which was set for November 26, 1975. Between the arraignment and trial his co-defendant moved for a continuance, which was granted November 25th. Nothing in the record indicates an attempt to notify defendant that the motion was pending or that the November 26 trial date had been vacated prior to November 26th. Since it is questionable whether defendant had notice of the November 25th proceeding, we cannot be certain that his failure to appear at trial or sentencing indicates a willful intent to frustrate the criminal process or a desire not to be present at a time when he knew he should. *Wade v. United States*, 142 U.S. App.D.C. 356, 441 F.2d 1046 (1971); *Cureton v. United States, supra*.

■ We note parenthetically that while some question exists as to whether a defendant may, by his voluntary absence, waive his right to be present at sentencing, see *Johnson v. State*, 4 Ariz.App. 336, 420 P.2d 298 (1966) and cases cited therein, we believe it would be anomalous to hold a defendant may waive his right to be present at proceedings prior to sentencing but cannot waive the right with respect to sentencing. Support for this view is found in Rule 26.9, *supra*, which provides that

"failure of the defendant to appear for sentencing shall not delay the pronouncement and entry of judgment and sentence." We believe that the "voluntary" aspect of a defendant's absence at sentencing should be determined on the same basis as when he fails to appear in a prior proceeding.

For the reasons we have stated, this matter is remanded for a hearing to determine the reasons for defendant's absence at trial and at sentencing. *See Wade v. United States, supra; Cureton v. United States, supra.* The record should be supplemented with a finding of the factors surrounding defendant's absence. If the trial judge concludes defendant's trial should not have proceeded in absentia, the judgment of conviction shall be set aside. If he determines trial was proper, the conviction will stand and the court must then decide whether defendant's absence at sentencing was of the voluntary character indicated above. If it was not, sentence shall be set aside and he may be resentenced at such time as his presence before the court is secured. *Compare Johnson v. State, supra.*

DONOFRIO, J., concurs.

OGG, Judge, dissents.

I must respectfully dissent from that portion of the majority opinion which would remand this case on the ground that defendant's constitutional rights may have been violated when he was tried and sentenced *in absentia.*

At the close of his preliminary hearing he was released on his own recognizance after signing a release order wherein he agreed to appear at all future proceedings. The release order notified the defendant that he had a right to appear at his trial and that proceedings would be held without him if he failed to appear.

The defendant, who was represented by counsel, was advised at his arraignment that his trial was set for November 26, 1975. Although the trial date was later changed there is no showing that the defendant appeared on the scheduled date of trial or made any attempt to ascertain the actual trial date. Rather it appears from the record that after his arraignment the defendant dropped out of sight and has never been seen or heard from by his attorney or any representatives of the court.

It was the defendant's duty under the conditions of his release to keep in contact with the court and/or his attorney as to trial date and any changes in that date.

It is my opinion that the defendant by his course of conduct waived his appearance at his trial and sentencing. 17 ARS Rules of Criminal Procedure, rule 9.1. *State v. Goldsmith*, 112 Ariz. 399, 542 P.2d 1098 (1975); *State v. Davis*, Ariz., 562 P.2d 1370 (filed Jan. 17, 1977).

Under the facts of this case I cannot say the trial judge abused his discretion and I would therefore affirm the judgment and sentence.