653 P.2d 10

STATE of Arizona, Petitioner,

v.

William Logan TAPP, Respondent.

No. 1 CA–CR 5312–PR.

Court of Appeals of Arizona,
Division 1, Department A.

March 2, 1982.

Rehearing Denied April 13, 1982.

Review Granted May 4, 1982.

Thomas E. Collins, Maricopa County Atty. by Terry H. Jennings, Deputy County Atty., Phoenix, for petitioner.

Ross P. Lee, Maricopa County Public Defender by James R. Hart, II, Deputy Public Defender, Phoenix, for respondent.

## OPINION

OGG, Presiding Judge.

The question presented in this case is whether Rule 32, Rules of Criminal Procedure, 17 A.R.S., may be interpreted to provide relief to a criminal defendant in the form of a delayed appeal, where there is no showing that the defendant's failure to prosecute an appeal from his original conviction and sentence was without fault on his part. We hold that Rule 32 does not authorize the grant of such relief and reverse the trial court order granting respondent Tapp a delayed appeal.

William Logan Tapp was charged by indictment with two counts of sexual conduct with a minor, a class 2 felony [1], and one

---

1. A.R.S. §§ 13–1405, 13–1401.

count of criminal trespass, a class 6 felony.[2] An allegation of a prior conviction was subsequently filed.[3] The criminal trespass count was severed and the remaining counts proceeded to trial before a jury. Tapp did not appear and was tried *in absentia*. He was found guilty on both counts of sexual conduct with a minor and the allegation of the prior conviction was found to be true. Following entry of judgment of guilt, Tapp was sentenced *in absentia* to the presumptive term of ten and one-half years on each count, these sentences to run concurrently. The criminal trespass count of the original indictment was dismissed.

Following his sentencing, Tapp's retained counsel filed a notice of appeal, and then was granted the right to withdraw from the case. The trial court appointed the office of the Maricopa County Public Defender to represent Tapp on appeal. However, as the trial court had made no determination as to Tapp's indigency, the public defender's office moved this court for a determination of counsel. In *State v. Tapp,* 1 CA–CR 4430, we allowed the public defender's office to withdraw as attorney of record for Tapp and set a date of May 15, 1980 for the filing of Tapp's opening brief. We further stated that the appeal would be subject to dismissal without further notice if the brief were not timely filed. Copies of all correspondence and orders were sent to Tapp's last known address by certified mail and received by a duly authorized agent. No opening brief was ever filed, and we dismissed the appeal on June 12, 1980.

On September 28, 1980, Tapp was apprehended in Hawaii and taken into custody. He appeared before the sentencing judge in Maricopa County on October 30, 1980, and his original sentence was confirmed. When offered an opportunity to explain his absence from trial and sentencing, Tapp elected to make no explanation.

Tapp was determined to be indigent by the trial court, and the Maricopa County Public Defender's Office was appointed to represent him when he appeared before the superior court in October 1980. Subsequently, a motion to reinstate the appeal was denied by this court. On January 7, 1981, we denied Tapp's motion for rehearing, without prejudice to his filing a petition for post-conviction relief. On January 20, 1981, the Arizona Supreme Court denied his petition for review of our action. Appointed counsel began these proceedings by filing a petition for post-conviction relief with the trial court, pursuant to Rule 32. The petition sought relief in the form of the right to file a delayed appeal, as provided in Rule 32.1:

Rule 32.1  Scope of remedy

Subject to the limitations of Rule 32.2, any person who has been convicted of, or sentenced for, a criminal offense may, without payment of any fee, institute a proceeding to secure appropriate relief on the ground or grounds that:

\* \* \* \* \* \*

f. The petitioner's failure to appeal from the judgment, sentence, or both within the prescribed time *was without fault on his part;* (emphasis added)

\* \* \* \* \* \*

Tapp's petition contended that the failure to pursue the appeal was "without fault on his part", but did not offer any excuse for the failure to be present for trial, sentencing, or during the appeal period. The trial court did not find that the failure to pursue the appeal was without fault on Tapp's part, but entered the following order:

The Court having reviewed the pleadings and having considered everything presented, finds that there are what could be some substantial issues in the case and that the best interests of the public and the effective administration of justice dictate that a delayed appeal should be granted, therefore,

IT IS ORDERED that the Petition for Post Conviction Relief is granted and defendant is granted a delayed appeal.

---

**2.** A.R.S. §§ 13–1504(A)(1) and (B), 13–1501.

**3.** Tapp had suffered a prior conviction in Indiana for assault and battery with intent to gratify sexual desires.

This ruling was made without an evidentiary hearing on the matter. *See* Rule 32. The state's timely motion for rehearing was denied, and the matter is before this court on the filing of the state's timely petition for review pursuant to Rule 32.9. The state contends that the trial court erred in granting a delayed appeal without any evidence that the failure to prosecute the appeal previously was without fault on defendant's part. We agree.

The United States Constitution contains no absolute guaranty of the right to an appeal from a criminal conviction or sentence. However, due process and equal protection considerations contained within the Fourteenth Amendment require that when a state chooses to make an appellate system available, the system must be equally available to all those convicted, regardless of indigent status. *See Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Burns v. Ohio,* 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209 (1959); *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). The Arizona Constitution, art. 2, § 24 provides "the right to appeal in all cases" in criminal prosecutions. But the constitutional right to appeal in Arizona may be waived. *See State v. Williams,* 122 Ariz. 146, 593 P.2d 896 (1979).[4] *See also* 17 A.R.S., Rules of Criminal Procedure, Rules 26.11(a) and 31.3. Further, we see no distinction between the failure to timely file an appeal and the failure to timely prosecute an appeal. *See* Rule 31.15(b). While the right to a trial requires no affirmative action from the accused, the appellate right of necessity requires some affirmative action, including timely filing the notice of appeal and diligently prosecuting the appeal as required by our rules.

The purpose of post-conviction relief under Rule 32 is to provide a remedy for matters which do not have a sufficient record to provide appellate review. *State v. Cabrera,* 114 Ariz. 233, 560 P.2d 417 (1977); *State v. Bell,* 23 Ariz.App. 169, 531 P.2d 545 (1975). In developing these factual matters, the petitioner has the burden of proving them by a preponderance of the evidence. Rule 32.8(c). Additionally, the substantive grounds in the rules specifying grounds for relief must be strictly complied with, and the petitioner must assert grounds which bring him within the provisions of the rule in order to be entitled to any relief. *State v. Salazar,* 122 Ariz. 404, 595 P.2d 196 (App. 1979); Rule 32.1. The problem in this proceeding is that petitioner never pled any specific reason why he failed to prosecute his appeal, although he pled that his failure to do so was without fault. Further, there was no Rule 32.8 evidentiary showing whatsoever that he was in fact without fault within the meaning of Rule 32.1(f).

We are aware of the decision in *State v. Goldsmith,* 112 Ariz. 399, 542 P.2d 1098 (1975), holding that the constitutional right to appeal in Arizona will not be denied where an appellant is not apprehended as of the date his appeal is filed. However, *Goldsmith* did not deal with a Rule 32 proceeding. The right to a delayed appeal should be pursued through the provisions of Rule 32, *State v. Mitchell,* 27 Ariz.App. 309, 554 P.2d 905 (1976), and a delayed appeal may be permitted only where the failure to appeal was without fault on the part of the petitioner. *State v. Stice,* 23 Ariz.App. 97, 530 P.2d 1130, *supplemental opinion,* 24 Ariz.App. 516, 540 P.2d 135 (1975).

The trial court's conclusion that defendant Tapp was entitled to relief in the form of a delayed appeal was incorrect, and its order granting the right to file a delayed appeal is set aside.

We also note that after the motion to file a delayed appeal in this matter was granted, respondent Tapp filed an appeal designated as 1 CA–CR 5296. This appeal has been stayed pending disposition of this Rule 32 petition for post-conviction relief. Consistent with this opinion setting aside the

---

4. The right to appeal may not be waived prior to imposition of sentence; public policy requires that the right not be negotiable in plea bargaining. *State v. Ethington,* 121 Ariz. 572, 592 P.2d 768 (1979).

trial court's order authorizing the filing of such a delayed appeal, we hereby dismiss the appeal in 1 CA–CR 5296.

Review granted; relief granted to the petitioner, State of Arizona.

FROEB, J., concurs.

CORCORAN, Judge, dissenting:

The Constitution of the State of Arizona provides:

> In criminal prosecutions, the accused shall have ... the right to appeal in all cases....

Ariz. Const. art. 2, § 24. The Supreme Court of Arizona has stated that "... this right [of appeal] will not be denied." *State v. Goldsmith,* 112 Ariz. 399, 400, 542 P.2d 1098, 1099 (1976).

The duty of the reviewing appellate court is defined by statute:

> Scope of review by supreme court on appeals.
>
> A. Upon appeal from a final judgment of conviction, the supreme court shall review all rulings affecting the judgment.
>
> .   .   .   .   .
>
> B. Upon an appeal taken by a defendant from the judgment, the supreme court shall review the entire record.

A.R.S. § 13–4035.

Rules adopted by the Supreme Court further define the obligation of the appellate courts.

> Insufficient record; failure to take appeal within time prescribed. No criminal appeal shall be dismissed if sufficient matter or substance is contained in the record to enable this court to decide the appeal on its merits, but the appeal may be dismissed if it is not taken within the time prescribed by law or rules of court, or if the matter or substance contained in the record is not sufficient to enable the court to decide upon the law or the merits of the action.

Rule 21(b), Rules of the Supreme Court. This provision supplements the more general rule that "[t]his court may dismiss a

criminal appeal if appellant does not prosecute it as required by law or rules of court." Rule 21(a). Rules adopted by the Supreme Court further provide:

> Involuntary Dismissal. The Appellate Court upon motion of the appellee, or upon its own initiative after notice to all parties, may dismiss an appeal for want of prosecution, unless there is a showing of good cause why the appeal should not be dismissed. If the appellant was a defendant at trial, the court shall give notice to the appellant and to the attorney for the appellant. *No appeal shall be dismissed if the record on appeal is sufficient to enable the Appellate Court to decide the appeal on its merits,* or when the appeal is taken automatically after the defendant has been sentenced to death.

Rule 31.15(b), Rules of Criminal Procedure (emphasis added).

The Court of Appeals has the same duty to review the record as the Supreme Court. *State v. Junkin,* 123 Ariz. 288, 290, 599 P.2d 244, 246 (App. 1979).

Appellant filed a timely notice of appeal through his attorney after his sentence was imposed (1 CA–CR 4430). Trial counsel then withdrew as attorney of record. The Public Defender was appointed to represent appellant. Among other transcripts, documents, and exhibits, the clerk of the Superior Court forwarded to this court transcripts of testimony and proceedings on the three separate days of the jury trial totaling in excess of 300 pages. The transcripts did not include the examination of the jury panel during the selection process. The clerk of this court issued a notice of completion of record indicating that appellant had 25 days from that date to file his opening brief. Thereafter, the Public Defender was permitted to withdraw as attorney of record by order of this court. The expressed reason was because "there has not been a showing that the appellant was entitled to counsel under A.R.S. § 11–584(A)(1)," which makes the services of the Public Defender available to defendants financially unable to employ counsel. In its order this court stated:

IT IS FURTHER ORDERED extending the time for the filing of the opening brief to and including May 15, 1980. Should appellant fail to file the opening brief on or before May 15, 1980, this appeal shall be subject to dismissal without further notice.

A copy of the order was sent to appellant's last known address. Neither appellant nor anyone else filed an opening brief or communicated with this court within the time permitted by the order. The appeal was dismissed in 1 CA–CR 4430 on June 12, 1980. It appears from the court's order that the appeal was dismissed solely because appellant had not filed an opening brief, and not because of any lack of a sufficient record. After appellant was apprehended, the Public Defender was again appointed to represent him. Appellant made a motion to reinstate appeal which was denied. Appellant's motion for rehearing was denied. The order stated:

> IT IS ORDERED denying appellant's motion for rehearing, without prejudice to the appellant filing a petition for post-conviction relief.

Appellant's petition for review to the Supreme Court was denied.

Appellant then filed a petition for post-conviction relief in the Superior Court pursuant to rule 32, Rules of Criminal Procedure. The trial court granted the relief requested and permitted appellant to file a delayed appeal. The State filed a petition for review from this order resulting in this opinion, 1 CA–CR 5312–PR. Appellant filed a "delayed" notice of appeal from the Superior Court which is pending at this time. 1 CA–CR 5296. This court entered an order extending the time for filing appellant's opening brief to and including 30 days after the decision is issued in this cause.

Notwithstanding the facts that appellant did not file an opening brief in 1 CA–CR 4430, was not represented by counsel, and had left the jurisdiction of the court, this court had the duty to review the record for fundamental error. The Supreme Court has held that an appellate court must review the record even though appellant does not file an opening brief.

> Notwithstanding the appellant's failure to prosecute his appeal and point out specifically wherein the trial court erred, we have, in order to discharge our duty ... [under A.R.S. § 14–4035, formerly § 13–1715(B)] carefully examined the entire record for fundamental error.

*State v. Houston,* 80 Ariz. 86, 88, 292 P.2d 1077, 1079 (1956). The court then outlined its findings and concluded that "we find nothing in the record which would justify a disturbance of the verdict and judgment in this case." The Supreme Court reaffirmed *Houston's* interpretation of its statutory duty in *State v. Cooper,* 108 Ariz. 289, 496 P.2d 589 (1972). The duty to review the record is unaffected by the fact that no counsel appears for an appellant. *Martin v. State,* 22 Ariz. 275, 196 P. 673 (1921). The duty to review the entire record exists whether or not the appellate court is requested to do so. *State v. Long,* 121 Ariz. 280, 281, 589 P.2d 1312, 1313 (1979).

This court has no less a duty to examine the entire record for fundamental error. This court should not have dismissed appellant's first appeal (1 CA–CR 4430). Having done so, appellant did not fail to appeal within the meaning of the rule. In any event, the dismissal by this court was without fault of the appellant. Rule 32.1(f) Rules of Criminal Procedure. The trial court was therefore justified in permitting appellant to file a delayed appeal. The trial court commented that "... there are what could be some substantial issues in the case...." Appellant will be precluded from presenting these matters to the court unless the State's petition for review is denied and the appellant is permitted to file his opening brief in 1 CA–CR 5296.

I would deny the relief requested by the State.