657 P.2d 885

**Mark Charles FLOYD, Petitioner,**

v.

**SUPERIOR COURT OF the STATE of Arizona, In and For the COUNTY OF PIMA; the Honorable Lillian S. Fisher, Judge thereof; and the State of Arizona, Real Party in Interest, Respondents.**

**No. 2 CA–CIV 4436.**

Court of Appeals of Arizona, Division 2.

June 25, 1982.

Rehearing Denied Oct. 7, 1982.

---

Walter B. Nash III, P.C., Tucson, for petitioner.

Stephen D. Neely, Pima County Atty. by Lynne A. Gallagher, Deputy Co. Atty., Tucson, for respondent real party in interest.

## OPINION

HOWARD, Chief Judge.

The question in this special action is: Did the respondent court abuse its discretion in declining to rule on a petition for postconviction relief until the petitioner turned himself in?

Petitioner Floyd was sentenced to prison in 1977 by the respondent judge and the sentence was stayed pending appeal. His conviction was affirmed in 1978 by this court which rejected his Fourth Amendment claim (*State v. Floyd,* 120 Ariz. 358, 586 P.2d 203). On November 14, 1978, the respondent judge ordered that Floyd present himself to the prison warden by November 24, or that a bench warrant issue if he failed to do so.

■ In his Rule 32 petition, petitioner primarily contends there has been a significant change in the field of search and seizure since his conviction which requires a reversal. See Rule 32.1(g), Rules of Criminal Procedure. The respondent judge declined to rule on the pending postconviction petition until he complied with the 1977 and 1978 orders. Petitioner claims he is entitled to a ruling, notwithstanding his failure to comply. We do not agree.

■ *State v. Goldsmith,* 112 Ariz. 399, 542 P.2d 1098 (1975), held that the *constitutional right* to appeal will not be denied to an appellant, tried and sentenced in absentia, even though he has not been apprehended at the time his notice of appeal was filed.[1] Rule 32 is not derived from the constitution. Its purpose is to provide a unified procedure for the various avenues for postconviction relief (except appeal). The rule covers situations which permit a

---

1. Prior case law has been that an absconding prisoner, while his appeal is pending, waives the right to have his case considered on appeal. *Owen v. State,* 19 Ariz. 193, 167 P. 709 (1917). Floyd, while released on bail pending his appeal, was in constructive custody and therefore was a fugitive from justice when he failed to turn himself in as directed by the November 1978 order. In that respect he is more like Owen than Goldsmith who was tried and sentenced in absentia.

collateral attack on a conviction or sentence. However, it does not displace habeas corpus. Rule 32.3. A habeas corpus petition may be transferred to the conviction or sentencing court and treated as a Rule 32 petition. Ibid. Therefore, Floyd's argument that the *Goldsmith* rationale applies because of the constitutional right to habeas corpus fails. A person who is in apparent contempt for disobeying a court order cannot prescribe the conditions upon which he will appear. As the court stated in *Allen v. Georgia,* 166 U.S. 138, 141, 17 S.Ct. 525, 526, 41 L.Ed. 949 (1897):

> "... otherwise he is put in a position of saying to the court: 'Sustain my writ, and I will surrender myself, and take my chances upon a second trial; deny me a new trial, and I will leave the state, or forever remain in hiding.' We consider this as practically a declaration of the terms upon which he is willing to surrender, and a contempt of its authority, to which no court is bound to submit. *It is much more becoming to its dignity that the court should prescribe the conditions upon which an escaped convict should be permitted to appear and prosecute his writ* than that the latter should dictate the terms upon which he will consent to surrender himself to its custody."

In essence, the petitioner here is trying to do the same thing and is playing "fast and loose" with the court. He is trying to force the court to rule in the hope that he will not have to comply with the court's previous orders.

Relief denied.

BIRDSALL and HATHAWAY, JJ., concur.