653 P.2d 6

**STATE of Arizona, Petitioner,**

v.

**William Logan TAPP, Respondent.**

**No. 5558–PR.**

Supreme Court of Arizona,
En Banc.

Oct. 4, 1982.

Thomas E. Collins, Maricopa County Atty. by Terry H. Jennings, Deputy County Atty., Phoenix, for petitioner.

Ross P. Lee, Maricopa County Public Defender by James R. Hart, II, Deputy Public Defender, Phoenix, for respondent.

HAYS, Justice.

In October of 1979 the defendant, William Logan Tapp, was tried and convicted *in absentia* of two counts of sexual conduct with a minor, having voluntarily absented himself from both the trial and the sentencing. On November 5, 1979, defendant was sentenced to 10½ years on each count, to run concurrently from the date of his apprehension. A bench warrant for his arrest was issued on that same day.

We took jurisdiction pursuant to A.R.S. § 12–120.24 and 17 A.R.S. Rules of Criminal Procedure, rule 31.19.

Defendant claims relief under 17 A.R.S. Rules of Criminal Procedure, rule 32.1(f). The appropriateness of this remedy to defendant's situation gives rise to the first issue before us.

After defendant's conviction, counsel for the defendant filed a timely notice of appeal on November 13, 1979. Counsel subsequently filed a Motion to Withdraw as Attorney of Record and to Appoint the Public Defender for Purposes of Appeal and Order. The judge of the Superior Court allowed the motion and ordered the public defender to represent the defendant on appeal.

The public defender then discovered in initial investigation for the purpose of the appeal that the defendant had never been determined indigent and moved to withdraw. The Court of Appeals granted the motion, *State v. Tapp*, 1 CA–CR 4430, and set a date of May 15, 1980, for the filing of Tapp's opening brief. The court stated that the appeal would be subject to dismissal without further notice if the brief were not timely filed. No brief was ever filed, and on June 12, 1980, the court dismissed the appeal.

On September 28, 1980, the defendant was apprehended in Hawaii and brought back to Arizona. The Superior Court determined the defendant to be indigent and, once again, appointed the public defender to represent him. At this time, the defendant requested the Court of Appeals to reinstate his earlier appeal. The Court of Appeals denied both that motion and defendant's subsequent Motion for Rehearing, stating:

> "IT IS ORDERED denying appellant's motion for rehearing, without prejudice to the appellant filing a petition for post conviction relief."

The Supreme Court denied review. Defendant next sought relief under Rule 32.-1(f), Arizona Rules of Criminal Procedure, petitioning the trial court for a delayed appeal. The trial court granted the request on April 8, 1981, and defendant filed an appeal pursuant thereto. The state, however, moved the appellate court for review of grant of Rule 32 relief. On March 2, 1982, the appellate court reversed the trial court's ruling, causing defendant to file a subsequent Motion for Rehearing and the instant Petition for Review. Ariz.App., 653 P.2d 10.

The Court of Appeals reasoned that defendant Tapp should not have been granted Rule 32 relief because there had been no showing that the failure to prosecute his original appeal was without fault on his part. The court saw no distinction between the failure to appeal and the failure to prosecute an appeal. Because we conclude that Rule 32 is inappropriate where an appellant has failed to prosecute his appeal, we do not reach the issue of defendant's fault.

■ Rule 32.1(f), Arizona Rules of Criminal Procedure, permits a criminal defendant appropriate relief where "[t]he petitioner's failure to appeal from the judgment, sentence or both was without fault on his part."

Initially, we must determine whether defendant has "failed to appeal" within the

meaning of Rule 32.1(f) above. *State v. Canedo,* 125 Ariz. 197, 608 P.2d 774 (1980). Our analysis focuses on the construction to be given the phrase "failure to appeal" and on whether there is a meaningful distinction between the failure to appeal and the failure to prosecute an appeal.

Rule 32.1(f) specifically refers to the "failure to appeal" and does not, on its face, extend post-conviction relief to an appellant who has filed an appeal but failed to prosecute it. The comments to Rule 32.1(f) state that the scope of the rule is intended to be the same as that of the old rule, 17A A.R.S., Rules of the Supreme Court, rule 16(a), upon which it is based. "[The scope] includes the situation in which the defendant fails to appeal because the trial court, despite the requirements of Rule 26.11, did not advise him of his appeal rights, and the situation in which the defendant intended to appeal and thought timely appeal had been filed by his attorney when in reality it had not." (citations omitted).

Research of meritorious petitions for post-conviction relief under Rule 32.1(f), Arizona Rules of Criminal Procedure, and under Rule 16(a), Arizona Rules of Supreme Court, provides us with guidelines of the scope of Rule 32.1(f). No case extends Rule 32 relief to a defendant whose appeal was dismissed for want of prosecution.

Examination of Rule 31.15(b), Arizona Rules of Criminal Procedure, provides additional support for this conclusion. Rule 31.-15(b) provides for the involuntary dismissal of an appeal "for want of prosecution." Whereas Rule 32.1(f) speaks of the failure to appeal, Rule 31.15(b) addresses the failure to *prosecute* an appeal. To extend the scope of Rule 32.1(f) to encompass the failure to prosecute an appeal is to create overlap between the relief offered by the two rules. We find it unnecessary to so broaden the scope because relief is available under Rule 31.15(b).

Having decided that relief under Rule 32.1(f) is inappropriate, we consider now whether the dismissal of defendant's original appeal was proper. 17 A.R.S. Arizona Rules of Criminal Procedure, rule 31.-15(b), as to involuntary dismissal of criminal appeals, provides:

"The Appellate Court, upon motion of the appellee, or upon its own initiative after notice to all parties, may dismiss an appeal for want of prosecution, unless there is a showing of good cause why the appeal should not be dismissed. If the appellant was a defendant at trial, the court shall give notice to the appellant. *No appeal shall be dismissed if the record on appeal is sufficient to enable the Appellate Court to decide the appeal on its merits,* or when the appeal is taken automatically after the defendant has been sentenced to death." (emphasis added).

Comments to 31.15(b) provide:

"This section is based on Ariz.Sup.Ct.R. 21.... *As under Ariz.Sup.Ct.R. 21(b), a criminal appeal cannot be involuntarily dismissed when the court is able to decide the case on its merits from the record ....*" (emphasis added).[1]

Since research reveals no relevant cases decided under Rule 31.15(b), Arizona Rules of Criminal Procedure, we look to the cases decided under Rule 21(b), Arizona Rules of Supreme Court, for guidance. In *State v. Houston,* 80 Ariz. 86, 292 P.2d 1077 (1956), appellant, after filing his notice of appeal, filed no brief. A reporter's transcript was prepared and sent to the clerk of the Supreme Court, along with the court minutes and complete copies of the lower court files. The court ordered the case submitted for a decision on the record in accordance with the mandate of Rule 21(b). "Notwithstanding the appellant's failure to prosecute his appeal and point out specifically wherein the trial court erred, we have, in order to discharge our duty as outlined above, care-

---

1. 17A A.R.S. Arizona Rules of Supreme Court, rule 21(b), provides:

"No criminal appeal shall be dismissed if sufficient matter or substance is contained in the record to enable this court to decide the appeal on its merits, but the appeal may be dismissed if it is not taken within the time prescribed by law or rules of court, or if the matter or substance contained in the record is not sufficient to enable the court to decide upon the law or the merits of the action."

fully examined the entire record for fundamental error." 292 P.2d at 1079. This interpretation of the duty imposed by Rule 21(b), Arizona Rules of Supreme Court, was affirmed in *State v. Cooper,* 108 Ariz. 289, 496 P.2d 589 (1972).

Rule 31.15(b), Arizona Rules of Criminal Procedure, clearly extends this duty to the appellate courts to decide the appeal on its merits where the record on appeal is sufficient to enable the courts to do so.

Counsel for defendant Tapp timely filed a notice of appeal on November 13, 1979, and was subsequently allowed to withdraw as attorney of record. Meanwhile, the transcripts of the trial and other proceedings were forwarded to the clerk of the Court of Appeals, along with other documents and exhibits, the court minutes and a copy of the trial court file. Since no brief was ever filed, the Court of Appeals dismissed the appeal. We find that the record on appeal was as complete as in *Houston* and *Cooper.* The Court of Appeals should have determined whether the record was sufficient to decide the case on the merits and acted accordingly.

The Court of Appeals is ordered to vacate the order of dismissal in Cause No. 1 CA–CR 4430 and reinstate the appeal. Accordingly, the petition for post-conviction relief in the form of a delayed appeal is denied.

HOLOHAN, C.J., GORDON, V.C.J., and FELDMAN, J., concur.

CAMERON, Justice, concurring.

I concur in the result, but I believe that much of the difficulty apparent in this case could have been avoided had the defendant not been sentenced in absentia.

The law is clear in Arizona that a defendant, who voluntarily absents himself from trial, may be tried in absentia and may be sentenced in absentia. Rule 26.9, Arizona Rules of Criminal Procedure, 17 A.R.S.; *State v. Ellerson,* 125 Ariz. 249, 609 P.2d 64 (1980); *State v. Cook,* 115 Ariz. 146, 564 P.2d 97 (App.1977), supplemented 118 Ariz. 154, 575 P.2d 353 (App.1977). The better practice, however, is that having convicted the defendant in absentia, sentencing should be deferred until the defendant is within the jurisdiction of the court. At that time, a proper presentence report can be prepared, and the defendant allowed to offer such matters in mitigation as would be appropriate.

The American Bar Association, in its Standards for Criminal Justice, Standard 18–6.4, states:

"(a) As soon as practicable after the determination of guilt and the examination of any presentence reports (citations omitted), a proceeding should be held at which the sentencing court should * * *

(iii) afford to the defendant his or her right of allocution * * *."

ABA Criminal Justice Standard 18–6.4, at 447–48 (1980).

The commentary to this section states:

" * * * It must be acknowledged that the policies behind permitting the defendant to make a statement at sentencing have to do more with maximizing the perceived equity of the process than with detecting misinformation or obtaining a reliable impression of the defendant's character. Although the right of allocution has not yet been clearly established as of constitutional stature, it has ancient origins and is recognized by both federal and state law. Its preservation has been encouraged without exception by all recent model codes." Id., at 459. See National Advisory Committee on Criminal Justice Standards and Goals, Corrections 5.17 (1973); National Conference of Commissioners on Uniform State Laws, Model Sentencing and Corrections Act § 3–206 (1978); National Conference of Commissioners on Uniform State Laws, Uniform Rules of Criminal Procedure 613 (1974).

Moreover, matters such as the appointment of counsel on appeal, which posed a problem in this case, could be determined at that time, and, pursuant to Rule 26.11, Arizona Rules of Criminal Procedure, 17 A.R.S., the time for appeal would start running at that point rather than upon acceptance of the verdict by the trial court.