NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOHNNY E. PERALTA, *Petitioner*.

No. 1 CA-CR 14-0583 PRPC
FILED 8-9-2016

Petition for Review from the Superior Court in Maricopa County
No. CR 1994-003084
The Honorable Dean M. Fink, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Johnny E. Peralta, San Luis
*Petitioner*

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Randall M. Howe joined.

**K E S S L E R,** Judge:

¶1   Johnny E. Peralta petitions this court for review of the summary dismissal of his petition for writ of habeas corpus, which the superior court treated as a petition for post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32.3. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2   A jury convicted Peralta of two counts of first-degree murder and two counts of kidnapping. The superior court sentenced him to two natural life sentences on the murder convictions and two twenty-one-year prison terms on the kidnapping convictions, with all sentences to be served consecutively. Peralta's convictions and sentences were affirmed on appeal. *State v. Peralta*, 1 CA-CR 00-0496 (Ariz. App. Sep. 4, 2001) (mem. decision).

¶3   Between 2001 and 2011, Peralta filed four post-conviction relief proceedings, all of which were unsuccessful.

¶4   In July 2014, Peralta filed a petition for writ of habeas corpus, which the superior court treated as a petition for post-conviction relief. In his petition, Peralta raised claims of denial of due process, lack of probable cause, denial of counsel, multiplicitous and duplicitous indictment, violation of double jeopardy, ineffective assistance of counsel, and miscarriage of justice. Finding the petition to be both untimely and successive, the superior court summarily dismissed it, ruling that all the claims raised were precluded. This petition for review followed.

¶5   On review, Peralta argues the superior court erred by treating his petition for writ of habeas corpus as a notice of post-conviction relief under Rule 32 and summarily dismissing it based on preclusion. We review the summary dismissal of a post-conviction relief proceeding for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).

¶6   There was no error by the superior court in treating the petition for writ of habeas corpus as a petition for post-conviction relief under Arizona Rule of Criminal Procedure 32. This rule directs that when a defendant "applies for a writ of habeas corpus . . . raising any claim attacking the validity of his or her conviction or sentence, th[e] court shall under this rule . . . treat [the action] as a petition for relief under this rule and the procedures of this rule shall govern." Ariz. R. Crim. P. 32.3. Thus, the superior court properly treated Peralta's petition as a petition for post-conviction relief under Rule 32. *See Floyd v. Superior Court*, 134 Ariz. 472,

473 (App. 1982); *see also* Rule 32.3 cmt. ("Rule 32 is intended to provide a standard procedure for accomplishing the objectives of all constitutional, statutory, or common law post-trial writs and remedies except those specified in this section.").

**¶7** Having properly treated the motion as a petition for post-conviction relief, the trial court correctly found the petition to be both untimely and successive pursuant to Rule 32.4(a), and the claims raised to be precluded pursuant to Rule 32.2(a)(2).

**¶8** Peralta's specific challenge to summary dismissal of his claim of "legal innocence" based on a finding of preclusion is without merit. The claim of fundamental miscarriage of justice that encompasses the claim of "legal innocence" was previously raised by Peralta in his petition for post-conviction relief dismissed in 2011. A defendant is precluded from obtaining relief under Rule 32 on any ground that has been raised or could have been raised in any previous post-conviction proceeding. *See* Ariz. R. Crim. P. 32.2(a). Thus, there was no abuse of discretion by the superior court in dismissing this claim raised by Peralta in his fifth post-conviction relief proceeding on grounds of preclusion.

**¶9** Accordingly, although we grant review, we deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA