NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CHRISTINA MARIE MCSHEA, *Appellant*.

No. 1 CA-CR 22-0065
FILED 11-8-2022

Appeal from the Superior Court in Maricopa County
No. CR 2020-130325-001
The Honorable Eartha K. Washington, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Andrew Reilly
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge Paul J. McMurdie joined.

_____

**C A M P B E L L**, Judge:

**¶1**          Christina McShea appeals her conviction and sentence for taking the identity of another. For the following reasons, we affirm.

## BACKGROUND

**¶2**          The facts relevant to the issue raised on appeal are not disputed. After law enforcement officers investigated a report that McShea obtained a gym membership with the victim's business account but without her permission, the State charged McShea with one count of taking the identity of another.

**¶3**          Tried in absentia, a jury convicted McShea as charged. After she was arrested pursuant to a bench warrant, the superior court suspended her sentence and placed McShea on a two-year term of supervised probation. McShea timely appealed.

## DISCUSSION

**¶4**          As her sole issue on appeal, McShea contends the superior court improperly conducted the trial in her absence. Specifically, she asserts the "procedural unfolding of this case was problematic and confusing," she "never had actual notice of the trial date," and the superior court "made no meaningful inquiry" concerning her whereabouts before proceeding in absentia.

**¶5**          The federal and state constitutions guarantee a defendant the right to appear in all criminal proceedings, U.S. Const. amends. VI, XIV; Ariz. Const. art. 2, § 24; *see also* Ariz. R. Crim. P. 19.2 ("A defendant in a felony or misdemeanor trial has the right to be present at every stage of the trial[.]"), but a defendant may waive her constitutional right to be present at trial by voluntarily absenting herself from it, *State v. Garcia-Contreras*, 191 Ariz. 144, 147, ¶ 9 (1998). Because "the existence of a waiver of the right to be present[] is basically a question of fact[,]" we generally review a superior

court's decision to proceed to trial in absentia for a clear abuse of discretion. *State v. Bishop*, 139 Ariz. 567, 569 (1984).

¶6 However, McShea forfeited the right to seek relief for all but fundamental error by failing to object below. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). Fundamental error goes to the foundation of the case, deprives the defendant of a right essential to her defense, or is of such magnitude that the defendant could not possibly have received a fair trial. *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). Under fundamental error review, the defendant bears the burden of demonstrating both error and resulting prejudice. *Henderson*, 210 Ariz. at 567, ¶ 20.

¶7 A careful review of the record reveals that McShea's absence from the trial was not an isolated event but part of a broader pattern of failing to appear for court proceedings. At the outset, McShea failed to appear for her preliminary hearing, leading the superior court to issue a warrant for her arrest. Subsequent to her arrest, the superior court *repeatedly* and *directly* admonished McShea that she "ha[d] to stay in contact" with defense counsel, "must appear" for court proceedings, the court would issue a bench warrant for her arrest if she "fail[ed] to appear," and cautioned that trial would proceed in her absence. In fact, the superior court reprimanded McShea that her failure to appear was "not a laughing" matter and warned her to treat court attendance "with the seriousness to which it's designed."

¶8 Because McShea's court proceeding attendance was sporadic, the superior court repeatedly required defense counsel to formally avow, both orally and in writing, that McShea had been and would be advised of all court dates. When McShea failed to appear at a hearing held approximately three months before trial, defense counsel informed the superior court that he had been unable to communicate with McShea since the previous hearing, so the court issued a warrant for her arrest. Shortly after the superior court issued the warrant, McShea contacted defense counsel who then moved to quash it. As part of his motion to quash, defense counsel stated that McShea had committed to both "appear as directed" and "maintain contact with counsel."

¶9 Despite these assurances, two weeks later, McShea failed to appear at the next hearing. Again, defense counsel informed the court that he had been unable to reach McShea, explaining he felt "very frustrated" because he had told McShea "how important it [wa]s she maintain contact" with him. The superior court issued another warrant for McShea's arrest.

¶10            At the final trial management conference, defense counsel told the court he had not "had any contact with [McShea] since [he] filed the motion to quash." Noting McShea's "bench warrant status," the superior court instructed counsel to be prepared to "go forward with trial in Ms. McShea's absence" but granted counsel's request for a trial continuance. Two weeks before trial, defense counsel updated the court that he had "not had any contact" with McShea and had "no way to try to reach out to her." The court confirmed that the trial would proceed as scheduled with or without his client's presence. On the first day of trial, defense counsel told the superior court that he had "tried to contact" McShea to no avail, unable to reach her "with the numbers [he] had."

¶11            Under Arizona Rule of Criminal Procedure (Rule) 9.1, the superior court may presume that a defendant's absence from the trial "is voluntary if the defendant had actual notice of the date and time of the proceeding, notice of the right to be present, and notice that the proceeding would go forward in the defendant's absence." Acknowledging that she received notice of her right to be present and that court proceedings would go forward in her absence, McShea nonetheless contends that Rule 9.1's inference does not apply here because she lacked personal notice of the actual, continued trial date. Although McShea received notice of the original trial date, she was not present when the trial date was reset and, given her failure to appear for subsequent court proceedings and defense counsel's inability to contact her, nothing in the record reflects that she received personal notice of the revised trial date.

¶12            But Rule 9.1 enunciates only "one combination of factors" that "support an inference of voluntariness." *State v. Cook*, 115 Ariz. 146, 149 (App. 1977), *overruled in part on other grounds by State v. Fettis*, 136 Ariz. 58, 59 (1983) (affirming "position that a defendant who voluntarily absents himself from a trial may be tried, convicted and adjudged guilty in absentia" but "retreat[ing] from . . . previous position [recognized in *Cook*] of allowing [a] defendant to be sentenced in absentia"). Under certain circumstances, "actual notice of the time of a proceeding" is not "a prerequisite to inferring an accused's absence is voluntary." *Cook*, 115 Ariz. at 149; *see also State ex rel. Romley v. Superior Court*, 183 Ariz. 139, 143 (App. 1995). For example, "an accused who does not know of and fails to appear at a proceeding against h[er] may be found to have waived h[er] right to be present there if the record indicates criminal proceedings commenced in h[er] presence, that [s]he absconded knowing of h[er] right to attend future proceedings, and that h[er] disappearance has made it [im]possible to contact h[er] with reference to these proceedings." *Cook*, 115 Ariz. at 149; *see also State v. Muniz-Caudillo*, 185 Ariz. 261, 262 (App. 1996) (concluding

superior court properly found the defendant's absence voluntary, even though the defendant did not have personal notice of the trial date, because he did not stay in contact with defense counsel or appear at subsequent proceedings); *Brewer v. Raines*, 670 F.2d 117, 119 (9th Cir. 1982) (holding a defendant's notice of his "original trial date" combined with his "failure to know of the continued dates of his trial" because he failed "to keep in contact with the court and his attorney" demonstrated "a knowledgeable waiver of [his] right to be present").

¶13        In this case, the superior court admonished and ordered McShea to maintain contact with defense counsel and attend court proceedings, warning that her failure to appear would result in the court issuing a warrant for her arrest and proceeding to trial in her absence. *See State v. Tudgay*, 128 Ariz. 1, 3 (1981) ("Even if appellant never actually received notice of the continued trial date, . . . 'it was the appellant's duty . . . to maintain contact with the court and/or his attorney as to the trial date and any changes in that date.'" (quoting *State v. Rice*, 116 Ariz. 182, 186 (App. 1977)); *see also Cook*, 115 Ariz. at 149 ("[A] defendant released on bail or h[er] own recognizance has a concomitant obligation to be present so as not to frustrate the progress of his prosecution."); *Bishop*, 139 Ariz. at 571 ("An out-of-custody defendant has the responsibility to remain in contact with his attorney and the court."). Given defense counsel's avowals to the court that he impressed upon McShea the importance of her obligations and the superior court's repeated admonitions, the record supports an inference that McShea knowingly waived her right to be present at trial. Had McShea maintained contact with defense counsel as ordered, she would have known the revised trial date. Equally important, it is uncontested that McShea did not appear for the original trial date for which she had actual notice. By failing to appear for the original trial date, McShea "demonstrated that it did not matter" that her trial had been continued to a date unknown; she would not have appeared regardless. *State ex rel. Thomas v. Blakey*, 211 Ariz. 124, 127, ¶ 13 (App. 2005); *State ex rel. Romley*, 183 Ariz. at 144 ("[I]t is possible for a defendant to voluntarily absent himself from trial even without actual notice of the continued trial date, under circumstances that indicate he would not appear even if he had known the new trial date.").

¶14        In sum, evidence that McShea failed to maintain contact with defense counsel and did not appear at court on the day originally set for trial provided a reasonable basis to find she voluntarily absented herself and effectively waived her appearance at trial. *See State v. Sanchez*, 116 Ariz. 118, 120 (App. 1977) ("Where a defendant apparently has made no effort to ascertain the continued date of the proceeding, . . . either he has waived

personal notice . . . or voluntariness may be inferred from his failure to communicate with the court or his attorney."). Simply put, a defendant may not evade prosecution by avoiding contact with defense counsel and failing to appear at court proceedings. Accordingly, the superior court did not err by proceeding with trial in absentia.

**CONCLUSION**

¶15        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA